## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC
## DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF
## ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Conexant Systems, Inc. ("***Conexant***") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "***Debtors***"), with the assistance of their proposed advisors, have filed their respective Schedules of Assets and Liabilities (the "***Schedules***") and Statements of Financial Affairs (the "***Statements***") with the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), pursuant to section 521 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

Mr. Carl Mills has signed each of the Schedules and Statements. Mr. Mills is the Chief Financial Officer of Conexant and authorized signatory for each of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Mills has relied upon the efforts, statements and representations of various personnel employed by the Debtors. Mr. Mills has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

These *Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "***Global Notes***") pertain to, are incorporated by reference in and comprise an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised or subsequent information, may cause a material change to the Schedules and Statements. The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy, completeness or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing or otherwise contained herein, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On February 28, 2013 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On March 1, 2013, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of the Debtors' chapter 11 cases under case number 13-10367 [Docket No. 38]. On March 8, 2013, the United States Trustee for the District of Delaware appointed a statutory committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 72].

**Net Book Value of Assets**. It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of February 27, 2013. Additionally, because the book values of assets such as patents, trademarks and copyrights may materially differ from their fair market values, they are listed as undetermined amounts as of the Petition Date. Furthermore, assets which have fully

2

depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

**Personal Property – Leased**.  In the ordinary course of business, the Debtors may lease furniture, fixtures and office equipment from certain third-party lessors for use in the daily operation of their businesses.  Nothing in the Schedules and Statements is or shall be construed as an admission regarding any determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to any such issue.

**Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate or add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available.

**Liabilities**.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary and appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code.  Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

**Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of one of the Debtor entities (whether directly or indirectly); (d) relatives of directors, officers or shareholders of the Debtors (to the extent known by the Debtors); and (e) Debtor/non-Debtor affiliates.

Persons listed as "insiders" have been included for informational purposes only.  The Debtors do not take any position with respect to:  (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms or otherwise transferred pursuant to a sale, acquisition or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts**.  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

**Classifications**.  Listing a claim on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured" or (d) listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts or leases or to setoff of such claims.

**Claims Description**.  Schedules D, E and F permit each of the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated."  Any failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent" or "unliquidated."  Moreover, listing a claim does not constitute an admission of liability by the Debtors.

**Causes of Action**.  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their (filed or potential) causes of action against third parties as assets in their Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action against third parties and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

> a.  **Undetermined Amounts**.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

> b.  **Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

K&E 25556716

c.    <u>Paid Claims</u>.  The Debtors have authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders.  Accordingly, certain outstanding liabilities may have been reduced by postpetition payments made on account of prepetition liabilities.  In most instances, as applicable, the Debtors have omitted listing those prepetition liabilities which have been fully satisfied prior to the filing of these Schedules or reduced the remaining liability to reflect payments described herein.  To the extent the Debtors pay any of the liabilities listed in the Schedules pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action as is necessary and appropriate to avoid over-payment of or duplicate payments for any such liabilities.

d.    <u>Excluded Assets and Liabilities</u>.  The Debtors have excluded certain accrued liabilities, including accrued salaries and employee benefits and tax accruals from the Schedules.  Certain other immaterial assets and liabilities may also have been excluded.

e.    <u>Liens</u>.  Property and equipment listed in the Schedules are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

f.    <u>Currency</u>. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Setoffs.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

**Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

<u>**Specific Disclosures with Respect to the Debtors' Schedules**</u>

**Schedule B "as of" Dates**.  Unless indicated otherwise, asset values described in Schedule B are representative of values reflected on the Debtors' February 27, 2013 balance sheet. Notwithstanding, the Debtors have made every effort to allocate liabilities between the pre-petition and post-petition periods.  As additional information becomes available to, and further

research is conducted by, the Debtors, the Debtors' allocation of liabilities between the pre- and post-petition periods may change.

**Schedule B1 and B2**.  Details with respect to the Debtors' cash management system and bank accounts are provided in the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue to Operate their Cash Management System; (B) Maintain Existing Business Forms; and (C) Grant Administrative Priority to Intercompany Claims and Perform Under Certain Intercompany Arrangements and Historical Practices Between Debtors and Non-Debtor Subsidiaries* [Docket No. 6] (the "***Cash Management Motion***").

**Schedule B3**.  The Bankruptcy Court, pursuant to the *Debtors' Motion for Entry of Interim and Final Orders (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing or Discontinuing Utility Service and (III) Establishing Adequate Assurance Procedures* [Docket No. 10], has authorized the Debtors to provide adequate assurance of payment for future utility services, including a deposit in the amount of $72,000.  Such deposits are not listed on Schedule B3, which was prepared as of the Petition Date.

**Schedule B4**.  The Debtors have included a comprehensive response to Schedule B4 in Schedules B28 and B29.

**Schedule B9**.  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Debtors' Motion for Entry of an Order Authorizing, but not Directing, the Debtors to (I) Continue Prepetition Insurance Coverage, (II) Maintain Financing of Insurance Premiums and (III) Enter into a New Premium Financing Agreement* [Docket No. 92].

**Schedules B13 and B14**.  Certain ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules B13 and B14 at net book value, however, the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedule B16**.  The Debtors have disclosed the net book value with respect to accounts receivable listed on Schedule B16, which represents the amount of the accounts receivable netted by any "doubtful accounts."  For purposes of Schedule B16, "doubtful accounts" are those accounts that the Debtors have identified as unlikely to be paid given the amount of time such accounts have been outstanding.

With respect to accounts receivable between Debtors, Schedule B16 reflects the accounts receivable balance without netting against the corresponding open accounts payable.

**Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to causes of action, counterclaims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, causes of action as a plaintiff or counter-claims as a defendant.  To the extent such rights are known and quantifiable, they are listed on Schedule B21; however, any such rights which are unknown to the Debtors or not quantifiable as of the Petition Date are not listed on Schedule B21.

6

**Schedule B22**.  Trademarks and patents have been listed in Schedule B22 as an undetermined amount because the fair market value of such trademarks and patents is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedules B28 and B29**.  For purposes of Schedules B28 and B29, the value of certain operating assets may be included in a fixed asset group or certain assets with a net book value of zero may not be set forth on Schedule B28 or B29.

**Schedule B30**.  Unless otherwise stated in a specific Debtor's Schedule B30, book value is presented net of inventory reserves.

**Schedule B35**.  The Debtors have prepaid various obligations, including certain leases and retentions.  Additionally, the Debtors have certain deferred taxes, and other assets.  Such assets are listed at their net book value.

**Schedule D**.  The claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each claim.  All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in Schedule D are solely intended to be a summary – and not an admission – of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.  Where an administrative agent serves with respect to any prepetition secured debt, only the administrative agent is listed as the creditor on Schedule D and not any other parties who may hold a portion of the debt.

Pursuant to the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(e), 364 and 507 and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing the Debtors to Obtain*

*Postpetition Financing Pursuant to Section 364 of the Bankruptcy Code, (II) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate Protection to the Prepetition Secured Parties and (V) Scheduling a Final Hearing Pursuant to Fed. R. Bankr. P. 4001(b) and (c)* [Docket No. 44], the Debtors obtained interim approval of $5 million in secured debtor-in-possession financing.  The Debtors' are seeking final approval for an additional $10 million in secured debtor-in-possession financing.  This amount is not included on the Schedules, as the Schedules reflect amounts incurred as of February 27, 2013, the day before the Petition Date.

**Schedule E**.  The Bankruptcy Court has authorized the Debtors, in their discretion, to pay certain liabilities that may be entitled to priority under the applicable provisions of the Bankruptcy Code.  For example, on March 1, 2013, the Bankruptcy Court entered the *Interim Order Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Employee Wages, Other Compensation and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs* [Docket No. 39], authorizing the Debtors to pay or honor certain prepetition obligations with respect to employee wages, salaries and other compensation, reimbursable employee expenses and employee medical and similar benefits.  Additionally, on February 28, 2013, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing, But Not Directing, the Debtors to Pay Certain Taxes and Fees* [Docket No. 17], seeking an order authorizing the Debtors to pay or honor certain prepetition obligations owed to taxing authorities. The Debtors' are seeking final approval for additional payments with respect to employee and taxing obligations.  To the extent such claims have been paid or may be paid pursuant to Bankruptcy Court orders, they may not be included on Schedule E.

The claims listed on Schedule E arose or were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each claim.  All claims listed on Schedule E, however, appear to have arisen or to have been incurred before the Petition Date.

The Debtors reserve the right to assert that any claim listed on Schedule E does not constitute a priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured non-priority claim.

**Schedule F**.  The Debtors have used best reasonable efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and allowances including the right to assert objections and/or setoffs with respect to same.  Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtors have made every effort to include as a contingent, unliquidated or disputed the claim of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims on a postpetition basis. For example, on March 1, 2013, the Bankruptcy Court entered the *Interim Order Authorizing, But Not Directing, the Debtors to Maintain and Administer Customer Programs and Honor Prepetition Obligations Related Thereto* [Docket No. 41]. Additionally, on March 1, 2013, the Bankruptcy Court entered the *Interim Order Authorizing the Debtors to Pay Prepetition Claims of Certain Foreign Vendors and Lien Claimants* [Docket No. 40]. The Debtors are seeking final approval for additional payments with respect to customer programs, foreign vendors and lien claimants. Each Debtor's Schedule F may reflect the Debtor's payment of certain claims pursuant to these orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule F. Certain Debtors may pay additional claims listed on Schedule F during this chapter 11 case pursuant to these and other orders of the Bankruptcy Court and reserve all of their rights to update Schedule F to reflect such payments.

Schedule F contains information regarding pending litigation involving the Debtors. In certain instances, the amount that is the subject of the litigation is uncertain or undetermined. The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated and disputed in the Schedules and Statements.

Schedule F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy. Any information contained in Schedule F with respect to such potential litigation shall not be a binding representation of the Debtors' liabilities with respect to any of the potential suits and proceedings included therein.

Schedule F reflects unsecured claims that a Debtor may have against another Debtor on account of intercompany receivables and payables. To the extent a Debtor has a claim against another Debtor on account of the Debtors' prepetition secured facilities, these claims are not reflected on Schedule F.

The Debtors believe that their prepetition secured lenders are undersecured; however, Schedule F does not reflect any unsecured deficiency claims that such prepetition secured lenders may have. Such unsecured deficiency claims are reflected in Schedule D.

To the extent they are known, Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**. The Debtors' businesses are complex. Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases and diligent efforts have been made to ensure the accuracy Schedule G, inadvertent errors, omissions or over-inclusion may have occurred. Certain information, such as

the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.

Contracts are listed with respect to the Debtor entities that are parties to the contracts per review of the contracts where possible. There may be instances where other Debtors entities that are not parties to the contracts have been the primary entities conducting business in connection with such contracts. Moreover, in some cases it may have been impractical or impossible to determine which Debtor assumed the obligations of a contract entered into by a former legal entity. In such cases, the relevant contract information is listed in the Schedules for Conexant.

Listing a contract or lease on Schedule G does not constitute an admission that such contract or lease is an executory contract or unexpired lease or that such contract or lease was in effect on the Petition Date or is valid or enforceable. Out of an abundance of caution, the Debtors have included in Schedule G various purchase orders, asset purchase agreements, and letters of intent that may include ongoing obligations. The Debtors reserve their rights to dispute whether any such agreements constitute executory contracts. The Debtors further reserve all of their rights to dispute the validity, status or enforceability of any contracts, leases or other agreements set forth on Schedule G and to amend or supplement Schedule G as necessary. Certain of the contracts and leases listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain confidentiality or non-disclosure agreements may not be listed on Schedule G. The Debtors reserve all of their rights with respect to such agreements.

Certain of the contracts and leases listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry. The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract or unexpired lease, a single contract or lease or multiple, severable or separate contracts or leases.

The contracts, leases and other agreements listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and leases on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Further, the Debtors reserve

K&E 25556716

all of their rights to alter or amend these Schedules to the extent that additional information regarding the Debtor obligor to such executory contracts or unexpired leases becomes available. Certain of the executory contracts or unexpired leases may not have been memorialized and could be subject to dispute. Executory contracts that are oral in nature have not been included on Schedule G.

Omission of a contract or lease from Schedule G does not constitute an admission that such omitted contract or lease is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or leases are not impaired by the omission.

The listing of any contract or lease on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or lease or an admission that such contract or lease is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract or lease listed on Schedule G or to amend Schedule G at any time to remove any contract or lease.

**Schedule H**. For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

As noted above, the Debtors do not maintain records of which Debtor entity executed each of their contracts. As a result, co-Debtor obligations on account of certain contracts listed in Schedule G may not be included in Schedule H.

Where an administrative agent serves with respect to any debt as to which there are co-Debtors, only the administrative agent is listed as the creditor on Schedule H and not any other parties who may hold a portion of the debt.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

## Specific Disclosures with Respect to the Debtors' Statements

**Statement 1**. The amounts listed in Statement 1 reflect the revenue for the previous two fiscal years of each Debtor as such amount is calculated in the Debtors' business plan.

**Statement 2**. The response to Statement 2 represents the sum of all non-operating income items. These items include, among other things, income from sub-tenants, royalties and interest and proceeds from the sale of fixed assets, land and securities.

11

**Statement 3b**.  Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to insiders (see Statement 3c), employees and bankruptcy professionals (see Statement 9).  The amounts listed in Statement 3b reflect the Debtors' disbursements netted against any check level detail; thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed on Statement 3b.  All disbursements listed on Statement 3b are made through the Debtors' cash management system.  Additionally, all disbursement information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

The Debtors make certain payments on behalf of foreign subsidiaries that are reimbursed through intercompany transactions.  Such payments are listed in Statement 3b.

**Statement 3c**.  Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable. Where a transfer is identified on Statement 3c between a Debtor and a non-Debtor affiliate, such transfers reflect an actual transfer of funds to settle intercompany balances.

**Statement 4a**.  Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum.  In the Debtors' attempt to provide full disclosure, to the extent a legal dispute or administrative proceeding is not formally recognized by an administrative, judicial or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy, the Debtors have identified such matters on Schedule F for the applicable Debtor. Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 7**.  In addition to the gifts noted in the Schedules and Statements, the Debtors make de minimis gifts from time to time.

**Statement 8**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 9**.  Although all of the Debtors retained or paid the entities and individuals who provided consultation concerning debt consolidation, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date, all of the payments, or property transferred by or on behalf of a Debtor for such services, were made by Conexant Systems, Inc. and are therefore listed on that Debtor's response to Statement 9.

**Statement 13**.  Setoffs in the ordinary course of business have been excluded from the response to this question.

**Statement 18a**.  With respect to information provided in Statement 18a, the Debtors have, where applicable, disclosed the address of each Debtor's main center of operations or headquarters, and have not included information regarding any related manufacturing, warehousing or storage

facilities, or any other site or location where a portion of a Debtor's business operations are conducted.

**Statement 19d**.   The Debtors were previously a public company registered with the U.S. Securities and Exchange Commission (the "***SEC***") and, as such, in the ordinary course may have provided financial information regarding the Debtors to banks, bondholders, customers, suppliers, ratings agencies and various interested parties.   The Debtors last filed financial statements with the SEC for the third quarter of 2012 and have not issued audited or unaudited GAAP financial statements to any entity thereafter.

Additionally, the Debtors have provided financial statements in the ordinary course of their businesses to numerous financial institutions, creditors and other parties within two years immediately before the Petition Date.   Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for the purposes of Statement 19d.

**Statement 23**.   Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

13

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

District Of Delaware

In re   Conexant Systems Worldwide, Inc.              ,          Case No. 13-10371 (MFW)
                    Debtor

                                                              Chapter 11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $           0.00 | | |
| B - Personal Property | | 9 | $      844,045.00 <br> + Undetermined Amounts | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | 1 | | $          0.00 <br> + Undetermined Amounts | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | 2 | | $          0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 1 | | $      30,279,105.71 | |
| G - Executory Contracts and Unexpired Leases | | 3 | | | |
| H - Codebtors | | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $      N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $      N/A |
| **TOTAL** | | 19 | $      844,045.00 <br> + Undetermined Amounts | $      30,279,105.71 <br> + Undetermined Amounts | |

B6A (Official Form 6A) (12/07)

In re   Conexant Systems Worldwide, Inc.                    ,          Case No.   13-10371 (MFW)
                          **Debtor**                                                        (If known)

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re  **Conexant Systems Worldwide, Inc.**                              ,          Case No.   **13-10371 (MFW)**
                       **Debtor**                                                                                         **(If known)**

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | | See attached Schedule B.2 Rider | | $184,876 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | 15791  Deposits - Miscellaneous (Security Deposits, France Leases) | | $8,900 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | See attached Schedule B.9 Rider | | Undetermined |
| 10. Annuities. Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (12/07) – Cont.

In re  Conexant Systems Worldwide, Inc.                    ,                    Case No. 13-10371 (MFW)
                        **Debtor**                                                                  **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See attached Schedule B.13 Rider | | Undetermined |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

**B6B (Official Form 6B) (12/07) – Cont.**

In re   Conexant Systems Worldwide, Inc.                  ,                    Case No. 13-10371 (MFW)
                          **Debtor**                                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | See attached Schedule B.22 Rider | | Undetermined |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

**B6B (Official Form 6B) (12/07) – Cont.**

In re   Conexant Systems Worldwide, Inc.          ,                    Case No.  13-10371 (MFW)
                    **Debtor**                                                           **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | See attached Schedule B.35 Rider | | $650,269 |

_____3_____ continuation sheets attached     Total ▶

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

$ 844,045.00
+ Undetermined Amounts

**In re: Conexant Systems Worldwide, Inc.**                                              **Case No. 13-10371 (MFW)**

### SCHEDULE B - PERSONAL PROPERTY
#### Rider B.2 -  Bank Accounts

| Bank | Address | Account Type | Account Number | Balance |
|------|---------|--------------|----------------|---------|
| Wells Fargo Bank | Cayman Islands | Multi Currency Account | xxxxxx5683 | $    184,876 |
| | | | **Total** | **$    184,876** |

**In re: Conexant Systems Worldwide, Inc.**                                                                **Case No. 13-10371 (MFW)**

### SCHEDULE B - PERSONAL PROPERTY
### Rider B.9 - Interests in Insurance Policies

| Insurance Company | Type Of Policy | Policy Number | Surrender or Refund Value |
|---|---|---|---|
| Ace American Insurance Company | Cargo Transportation and Stock Through Put | N10683269 | Undetermined |
| Ace American Insurance Company | Employment Practices Liability; Private Company Management Liability | DOX G25588915 001 | Undetermined |
| Arch Insurance Company | Employment Practices Liability; Private Company Management Liability; Directors, Officers & Organization Liability; Fiduciary Liability; Crime | PCD0043841-01 | Undetermined |
| FCIA Management Company, Inc. | Foreign Credit Insurance | GMB-121388 | Undetermined |
| Federal Insurance Company | Excess Liability | 93630252 | Undetermined |
| Lexington Insurance Company | Property Insurance | 013113036 | Undetermined |
| Travelers Property Casualty of America | Domestic Automobile | BA6954P037 | Undetermined |
| Travelers Property Casualty of America | Domestic General Liability | 6606954P037 | Undetermined |
| Travelers Property Casualty of America | Domestic Worker's Compensation and Employers' Liability | HJUB6963P206 | Undetermined |
| Travelers Property Casualty of America | International Voluntary Worker's Compensation & Employers' Liability | ZPP14P6347A | Undetermined |
| Travelers Property Casualty of America | Professional Liability (Errors & Omissions) | ZPL14P75399 | Undetermined |
| Travelers Property Casualty of America | Umbrella (excess liability) | CUP6954P037 | Undetermined |
| Various Carriers | Local Admitted Property (excluding any local taxes and fees) | Various | Undetermined |

**Total**   **Undetermined**

**In re: Conexant Systems Worldwide, Inc.**                    **Case No. 13-10371 (MFW)**

**SCHEDULE B - PERSONAL PROPERTY**
**Rider B.13 - Stocks and Interests in Incorporated Businesses**

| Name Of Business | Ownership Interest | Book Value |
|---|---|---|
| Conexant Broadband Communications (Shanghai) Co. Ltd. | 100% | Undetermined |
| Conexant Broadband Communications (Shenzhen) Co. Ltd. | 100% | Undetermined |
| Conexant Digital Television (Chengdu) Co. Ltd. | 100% | Undetermined |
| Conexant Foreign Sales Corporation | 100% | Undetermined |
| Conexant Systems UK Limited | 100% | Undetermined |
| | **Total** | **Undetermined** |

**In re: Conexant Systems Worldwide, Inc.**                                        **Case No. 13-10371 (MFW)**

**SCHEDULE B - PERSONAL PROPERTY**
**Rider B.22 - Patents, Copyrights, and Other Intellectual Property**

| Country | Pending and Registered U.S. Patent Applications | Status | Application Number | Filing Date | Patent Number | Issue Date | Value |
|---------|------------------------------------------------|--------|-------------------|-------------|---------------|------------|-------|
| United States | Protocol and Bus Link System Between Components of a Micro-Controller | Granted | 09/209,997 | 11-Dec-1998 | 6,138,228 | 24-Oct-2000 | Undetermined |
| United States | HDLC Digital Data Transmission Protocol Controller | Granted | 09/209,801 | 11-Dec-1998 | 6,516,004 | 04-Feb-2003 | Undetermined |
| United States | Low Voltage Reference with Power Supply Rejection Ratio | Granted | 09/393,238 | 09-Sep-1999 | 6,118,266 | 12-Sep-2000 | Undetermined |

**In re: Conexant Systems Worldwide, Inc.**                                    **Case No. 13-10371 (MFW)**

**SCHEDULE B - PERSONAL PROPERTY**
**Rider B.35 - Other Personal Property of any kind**

| Description | | Net Book Value |
|---|---|---|
| 15021  Prepaid Rent - Real Estate | $ | 7,339 |
| Intercompany Receivable - Conexant, Inc. | $ | 642,930 |
| **Total** | **$** | **650,269** |

B6D (Official Form 6D) (12/07)

In re __Conexant Systems Worldwide, Inc._____ ,          Case No. __13-10371 (MFW)_____
                    **Debtor**                                                                    **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE AND COLLATERAL TRUSTEE<br>ATTN: CORPORATE TRUST DIVISION<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 | X | | Guarantor to the 11.25% Senior Secured Notes due 2015, dated March 10, 2010<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |
| ACCOUNT NO.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS COLLATERAL TRUSTEE<br>2 NORTH LASALLE STREET<br>SUITE 1020<br>CHICAGO, IL 60602 | | | UCC Lien Claim - Filing Number 2010 0813653<br><br>VALUE $ Undetermined | X | X | X | Undetermined | Undetermined |

_0_ continuation sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | |
|---|---|
| $ 0.00 | $0.00 |
| $ 0.00<br>+ Undetermined Amounts | $0.00<br>+ Undetermined Amounts |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

In re   <u>Conexant Systems Worldwide, Inc.</u>          ,          Case No. <u>13-10371 (MFW)</u>
            Debtor                                                 (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]    **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]    **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/10) – Cont.**

In re **Conexant Systems Worldwide, Inc.**                    ,                    Case No. **13-10371 (MFW)**
          _____                                                 _____
                        **Debtor**                                                                          **(if known)**

☐    **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment**.**



   **0**  **continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re   Conexant Systems Worldwide, Inc._____,          Case No. 13-10371 (MFW)
                        **Debtor**                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CONEXANT SYSTEMS GERMANY G.M.B.H.<br>PAUL GERHARDT ALLE<br>50A81245 MUNICH, GERMANY | | | Promissory Note dated January 18, 2007 | | | | 184,306.71 |
| ACCOUNT NO.<br><br>CONEXANT SYSTEMS, INC.<br>4000 MACARTHUR BLVD.<br>NEWPORT BEACH, CA 92660 | | | Intercompany Payable | | | | 30,094,799.00 |
| ACCOUNT NO.<br><br> | | | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | |

|  |  |
|---|---|
| Subtotal ▶ | $ 30,279,105.71 |

 _0_ continuation sheets attached

|  |  |
|---|---|
| Total ▶ | $ 30,279,105.71 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re   Conexant Systems Worldwide, Inc.                     ,          Case No.   13-10371 (MFW)
                          **Debtor**                                                           **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY ONE WALL STREET NEW YORK, NY 10286 | BLANKET LIEN PLEDGE AND SECURITY AGREEMENT DATED 03/10/2010 |
| CONEXANT FRANCE & UK 100 LONGWATER AVENUE GREEN PARK, READING BERKSHIRE RG2 6GP, UNITED KINGDOM | SERVICES AGREEMENT + AMENDMENTS DATED 10/01/2001 |
| CONEXANT SYSTEMS FRANCE 1681 ROUTE DES DOLINES BP 283 LES TAISSOUNIERES SOPHIA ANTIPOLIS, 6905 FRANCE | DESIGN & DEVELOPMENT SERVICES AGREEMENT + AMENDMENTS DATED 01/01/1999 |
| CONEXANT SYSTEMS FRANCE 1681 ROUTE DES DOLINES BP 283 LES TAISSOUNIERES SOPHIA ANTIPOLIS, 6905 FRANCE | SERVICES AGREEMENT DATED 10/01/2004 |
| CONEXANT SYSTEMS FRANCE 1681 ROUTE DES DOLINES BP 283 LES TAISSOUNIERES SOPHIA ANTIPOLIS, 6905 FRANCE | PROMISSORY NOTE AGREEMENT DATED 01/18/2007 |
| CONEXANT SYSTEMS FRANCE S.A.S. IMMEUBLE LE FRANKIN 34, AVENUE FRANKLIN ROOSEVELT SURESNES CEDEX, BP92 92153 FRANCE | SERVICES AGREEMENT DATED 01/01/2008 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Conexant Systems Worldwide, Inc.                    ,          Case No.   13-10371 (MFW)
                        **Debtor**                                                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CONEXANT SYSTEMS FRANCE S.A.S. 1681 TOURE DES DOLINES BP LES TAISSOUNIERES 283 SOPHIA ANTIPOLIS, 6905 FRANCE | PROMISSORY NOTE DATED 01/14/2009 |
| CONEXANT SYSTEMS GERMANY G.M.B.H. PAUL GERHARDT ALLEE 50A MUNICH, 81245 GERMANY | SERVICES AGREEMENT DATED 10/01/2004 |
| CONEXANT SYSTEMS GERMANY G.M.B.H. PAUL GERHARDT ALLEE 50A MUNICH, 81245 GERMANY | PROMISSORY NOTE AGREEMENT DATED 01/18/2007 |
| CONEXANT SYSTEMS WORLDWIDE, INC. 4000 MACARTHUR BLVD. NEWPORT BEACH, CA 92660 | INTERCOMPANY BALANCE AGREEMENT DATED 10/31/2010 |
| CONEXANT SYSTEMS WORLDWIDE, INC. 4000 MACARTHUR BLVD. NEWPORT BEACH, CA 92660 | SERVICES AGREEMENT DATED 01/01/1999 |
| CONEXANT SYSTEMS WORLDWIDE, INC. 4000 MACARTHUR BLVD. NEWPORT BEACH, CA 92660 | SERVICES AGREEMENT DATED 07/01/2008 |
| CONEXANT SYSTEMS WORLDWIDE, INC., CHINA ROOM 1202, NO. 41 EAST FORTH RING ZHONG ROAD CHAO YANG DISTRICT BEIJING, 100025 CHINA | SERVICES AGREEMENT DATED 01/01/1999 |

B6G (Official Form 6G) (12/07) – Cont.

In re   Conexant Systems Worldwide, Inc.                    ,        Case No.   13-10371 (MFW)
                        **Debtor**                                                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CONEXANT SYSTEMS WORLDWIDE, INC., INDIA 3RD FLOOR, TOWER C, LOGIX TECHNO PARK PLOT NO. 5, SEC. 127 NOIDA, 201301 INDIA | SERVICES AGREEMENT DATED 01/01/1999 |
| CONNECT ONE SOURCE CODE LICENSE 130 WEITZMAN ST. SABA, ISRAEL | SOURCE CODE LICENSE AGREEMENT DATED 06/07/1999 |
| SCI (SOCIÉTÉ CIVILE IMMOBILIÈRE) 1BIS AVENUE DE SAINT CLOUD VERSAILLES, 78000 FRANCE | OFFICE LEASE AGREEMENT DATED 12/01/2010 |
| SERVYR ASSURANCE ET ENTERPRISE 6 ALLEE RENE FONCK, BP321 REIMS CEDEX 2, 51688 FRANCE | LOCAL ADMITTED POLICIES DATED 03/01/2012 |
| SOINS EXPERTS 26 AVENUE DE SAINT-CLOUD, 2ND FLOOR VERSAILLES, 78000 FRANCE | SUBLEASE AGREEMENT DATED 03/01/2013 |
| | |
| | |

**B6H (Official Form 6H) (12/07)**

In re   <u>Conexant Systems Worldwide, Inc.</u>    ,                    Case No.  <u>13-10371 (MFW)</u>
                         **Debtor**                                                **(if known)**

# SCHEDULE H - CODEBTORS

      Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| See attached Schedule H Rider | |

**In re: Conexant Systems Worldwide, Inc.**                    **Case No. 13-10371 (MFW)**

**Schedule H - Co-Debtor Rider**

| Name and Address of Co-Debtor | Name and Address of Creditor |
|---|---|
| Brooktree Broadband Holding, Inc.<br>4000 Macarthur Blvd.<br>Newport Beach, CA 92660 | The Bank of New York Mellon Trust Company, N.A.,<br>as Trustee and Collateral Trustee<br>Attn: Corporate Trust Division<br>2 North LaSalle Street<br>Suite 1020<br>Chicago, IL 60602 |
| Conexant Systems, Inc.<br>4000 Macarthur Blvd.<br>Newport Beach, CA 92660 | The Bank of New York Mellon Trust Company, N.A.,<br>as Trustee and Collateral Trustee<br>Attn: Corporate Trust Division<br>2 North LaSalle Street<br>Suite 1020<br>Chicago, IL 60602 |
| Conexant, Inc.<br>4000 Macarthur Blvd.<br>Newport Beach, CA 92660 | The Bank of New York Mellon Trust Company, N.A.,<br>as Trustee and Collateral Trustee<br>Attn: Corporate Trust Division<br>2 North LaSalle Street<br>Suite 1020<br>Chicago, IL 60602 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re : Conexant Systems Worldwide, Inc.                                                          Case No. 13-10371 (MFW)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____            Signature: _____
                                                                                        Debtor


Date _____            Signature: _____
                                                                                  (Joint Debtor, if any)

[If joint case, both spouses must sign.]

─────────────────────────────────────────────────────

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____            _____
Printed or Typed Name and Title, if any,                          Social Security No.
of Bankruptcy Petition Preparer                                    ( Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____            _____
Signature of Bankruptcy Petition Preparer                         Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

─────────────────────────────────────────────────────

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Director, Vice President & CFO [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the Corporation [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date_____3/29/2013_____            Signature : _____


                                                           Carl Mills - Director, Vice President & CFO_____
                                                           [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

─────────────────────────────────────────────────────

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*