IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>CONEXANT SYSTEMS, INC., et al.,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 13-10367 (MFW)<br>)<br>) Jointly Administered<br>)<br>) Related to Docket No. 91 |

## ORDER (A) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS UNDER 11 U.S.C. § 503(B)(9); (B) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM; AND (C) APPROVING NOTICE THEREOF

Upon the motion (the "*Motion*")[2] of the Debtors for entry of this Bar Date Order, establishing the Bar Dates by which proofs of claim must be filed in these chapter 11 cases and approving the form and manner for filing such claims and approving notice thereof, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon the record of the Hearing and all proceedings had before the Court;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

### Procedures for Filing Proofs of Claim

**A. Bar Dates**

    **i. General Bar Date**

2. Except as otherwise provided herein, each person or entity that asserts a claim[3] against any of the Debtors that arose (or is deemed to have arisen) before the Petition Date, including all priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of that claim, substantially in the form of the Claim Form attached hereto as **Exhibit 1**.[4] Except in the case of certain circumstances explicitly set forth herein, all proofs of claim must be filed so that they are **actually received** on or before **Friday, May 17, 2013 at 4:00 p.m. prevailing Eastern Time** at the addresses and in the form set forth herein.

---

[3] Except as otherwise defined herein or in the Motion, all terms used in this Bar Date Order that are specifically defined in the Bankruptcy Code shall have the meanings ascribed to such terms in the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4] Copies of the Claim Form may be obtained by: (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website, available at: www.bmcgroup.com/conexant; and/or (c) writing to BMC. Group, Inc., Attn: Conexant Systems, Inc. Claims Processing, P.O. Box 3020, Chanhassen, MN 55317-3020.

ii. **Governmental Bar Date**

3. All governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date must file proofs of claim, including claims for unpaid taxes, whether such claims arise from prepetition tax periods or prepetition transactions to which any of the Debtors were a party, must file such proofs of claim so that they are **actually received** on or before **Tuesday, August 27, 2013 at 4:00 p.m. prevailing Eastern Time** at the addresses and in the form set forth herein.

iii. **Rejection Bar Date**

4. Any holder of a claim arising from the Debtors' rejection of an unexpired lease or executory contract <u>must</u> file a proof of claim by the later of (a) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (including any order confirming a plan of reorganization in the Debtors' chapter 11 cases), (b) the General Bar Date and (c) 35 days from the later of the date the rejection order is entered or notice of rejection is provided.

iv. **Supplemental Bar Dates**

5. The Debtors may establish Supplemental Bar Dates with respect to (a) holders of claims to which a re-mailing of the Bar Date Notice is appropriate, but which cannot be accomplished in time to provide at least 35 days' notice of the applicable Bar Date and (b) other holders of claims that become known to the Debtors after the applicable Bar Date. To ensure parties in interest receive adequate notice of the Supplemental Bar Date, the Debtors shall (a) file a notice of the Supplemental Bar Date with the Court, in a form substantially similar to the notice of the General Bar Date but with appropriate modifications, and the claimants that are subject thereto, and (b) mail such notice of the Supplemental Bar Date to known holders of claims subject to the Supplemental Bar Date. The Supplemental Bar Date shall be established on a date

3

that is no later than 35 days from the date on which the Bar Date Notice was mailed to known holders of claims.

B. **Delivery of Proofs of Claim by the Bar Date**

6. All proofs of claim must be **actually received** by BMC on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein). Except in the case of certain circumstances explicitly set forth herein, if proofs of claim are not actually received by BMC on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein), the holders of the underlying claims shall be forever barred from asserting such claims against the Debtors, as more fully discussed below.

C. **Parties Not Required to File Proofs of Claim**

7. The following persons or entities holding claims that would otherwise be subject to the General Bar Date need not file proofs of claim:

   (a) any person or entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court in a form substantially similar to Official Form 10;

   (b) a holder of any claim that is listed on the Debtors' Schedules; unless (i) the Claim is scheduled as "disputed," "contingent" or "unliquidated;" (ii) the Claimant disagrees with the amount, nature and/or priority of the Claim as set forth in the Schedules; or (iii) the Claimant disputes that the Claim is an obligation of the particular Debtor against which the claim is listed in the Schedules. In the case of either (i), (ii) or (iii), a proof of claim must be filed on or before the applicable Bar Date;

   (c) a holder of a claim that has previously been allowed by order of the Court;

   (d) a holder of a claim that has been paid in full by the Debtors or any other party;

   (e) a holder of a claim for which a specific deadline to file a claim previously has been fixed by the Court;

4

(f) any Debtor having a claim against another Debtor;

(g) a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit; *provided, however*, that a current or former employee must submit a proof of claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance or any other litigation or pre-litigation claim;

(h) a customer of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business pursuant to an existing customer program; *provided, however*, that a customer must submit a proof of claim by the applicable Bar Date if its claim relates to damages arising from claims for breach of contract, breach of warranty, misrepresentation or any other litigation or pre-litigation claim;

(i) the Indenture Trustee for that certain Indenture dated March 10, 2010 entered into by the Debtors relating to the Debtors' prepetition secured notes (the "**Secured Notes**") nor any holder of the Secured Notes with respect to any indebtedness thereunder, including the repayment of principal, interest and/or other applicable fees and charges owed under any loan or note (whether secured or unsecured) issued and/or guaranteed by the Debtors pursuant to the Indenture or arising in connection therewith, the claims for which, in the absence of the filing of any proof of claim, shall be governed by documentation relating to the Secured Notes and any Order entered by this Court enabling the Debtors to obtain post-petition financing, as applicable;[5] and

(j) any holders of claims allowable under section 507(a)(1) of the Bankruptcy Code as administrative expenses of the Debtors' estates.

---

[5] The Secured Notes Indenture Trustee shall, in its discretion, have the right to file a single proof of claim on behalf of all claims of the Secured Notes Indenture Trustee and the holders of the Secured Notes arising in connection therewith.

### D. Requirements for Preparing and Filing Proofs of Claim

8. The following requirements shall apply with respect to filing and preparing each proof of claim:

(a) each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (iii) conform substantially with the Claim Form provided by the Debtors; and (iv) be signed by the holder of the claim or by an authorized agent of the holder of the claim;

(b) only _original_ proofs of claim will be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will **not** be accepted;

(c) except as otherwise required by the Bar Date Order, each proof of claim _must_ clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number; a proof of claim filed under the joint administration case number (No. 13-10367), or otherwise without identifying a Debtor, will be deemed as filed only against Conexant Systems, Inc.;

(d) except as otherwise required by the Bar Date Order, each proof of claim must state a claim against _only one_ Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim will be treated as if filed only against the first-listed Debtor;

(e) each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d); and

(f) each proof of claim, including supporting documentation, must be filed by United States mail or other hand delivery system, so as to be **actually received** by BMC on or before the applicable Bar Date at the following address:

| All mailings to be sent to: | BMC Group, Inc.<br>Attn: Conexant Systems, Inc. Claims Processing<br>P.O. Box 3020<br>Chanhassen, MN 55317-3020 |
|---|---|
| If delivered by hand or overnight mail: | BMC Group, Inc.<br>Attn: Conexant Systems, Inc. Claims Processing<br>18675 Lake Drive East<br>Chanhassen, MN 55317 |

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

E. **Failure to File a Proof of Claim**

9. Any person or entity who is required, but fails, to file a proof of claim in accordance with the terms of this Bar Date Order in these chapter 11 cases on or before the applicable Bar Date shall be: **(a) forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and, moreover, the Debtors shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim and (b) prohibited from voting to accept or reject any plan of reorganization filed in the Debtors' chapter 11 cases or participating in any distribution on account of such claim or receive further notices regarding such claim.**

### Procedures for Providing Notice of the Bar Date

A. **Mailing of Bar Date Notices**

10. No later than five business days after the date the Court enters this Bar Date Order, with the assistance of BMC, the Debtors shall send the Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, by first class United States mail with postage prepaid on all known persons or entities holding potential prepetition claims, including:

(a) the United States Trustee for the District of Delaware;

(b) counsel to the agent for the Debtors' Secured Notes;

(c) counsel to the agents for the Debtors' debtor in possession credit facilities;

(d) counsel to the Creditors' Committee;

(e) the Internal Revenue Service;

(f) all persons or entities that have requested notice of the proceedings in these chapter 11 cases;

(g) all persons or entities that have filed proofs of claim against the Debtors, if any;

(h) all creditors and other known holders of claims against the Debtors as of the date of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims against the Debtors;

(i) all parties to executory contracts and unexpired leases listed on the Schedules;

(j) all known parties to litigation with the Debtors, if any;

(k) the United States Attorney for the District of Delaware;

(l) the Office of the Attorney General in all of the states in which the Debtors operate; and

(m) all current employees and former employees (to the extent that contact information for a former employee is available in the Debtors' records).

11. The Debtors shall provide each of the holders of claims listed on each of the Debtor's Schedules with a personalized Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against whom the person or entity's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated or disputed; and (d) whether the claim is listed as secured, unsecured priority or unsecured non-priority. Each creditor shall have an opportunity to inspect the Claim Form provided by the Debtors and correct any information that is missing or incomplete. Additionally, any creditor may choose to submit a proof of claim on a different form; *provided, however*, that such proof of claim form must be substantially similar to the Claim Form.

12. After the initial mailing of the actual notice, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses

8

to the Debtors for direct mailing; and (c) additional potential holders of claims become known as the result of the General Bar Date noticing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Notice in these and similar circumstances at any time up to 28 days in advance of the General Bar Date, with any such mailings being deemed timely and the General Bar Date being applicable to the recipient holders of claims.

13. The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known holders of claims, and such mailing shall be made to the last known mailing address for each such creditor.

**B.  Publication of Bar Date Notices**

14. The Debtors shall give notice of the General Bar Date substantially in the form attached hereto as **Exhibit 3**, by publication to holders of claims to whom notice by mail is impracticable, including holders of claims who are unknown or not reasonably ascertainable by the Debtors and holders of claims whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the publication of the Publication Notice on one occasion in the proposed list of newspapers and/or trade journals set forth on **Exhibit 4** attached hereto on or before April 16, 2013.

**Amendment to Schedules**

15. In the event the Debtors amend the Schedules, in accordance with Local Rule 1009-2, holders of claims affected by the amendment must file proofs of claim with respect to such claim by the later of (a) the General Bar Date or (b) 25 days from the date on which the Debtors provide notice of the amendment to the Schedules.

16. The Debtors are authorized, in their discretion, in consultation with the Committee, to extend the applicable Bar Date for certain holders of claims by stipulation where the Debtors determine that such extension is in the best interests of their estates.

17. The Bar Date Notice, the Publication Notice and any supplemental notices that the Debtors may send from time to time as set forth in this Bar Date Order constitute adequate and sufficient notice of each of the respective Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

18. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Bar Date Order.

19. The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of this order.

20. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Date: April 11, 2013
Wilmington, Delaware

Honorable Mary F. Walrath
United States Bankruptcy Judge