**Exhibit 2**

**Bar Date Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) Case No. 13-10367 (MFW) |
| Debtors. | ) Jointly Administered |

## NOTICE OF DATES BY WHICH PARTIES MUST FILE PROOFS OF CLAIM AND PROCEDURES FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS UNDER 11 U.S.C. § 503(B)(9), AGAINST THE DEBTORS

**PLEASE TAKE NOTICE THAT** Conexant Systems, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Court***") on February 28, 2013 (the "***Petition Date***").

**PLEASE TAKE FURTHER NOTICE THAT** on the March 15, 2013, the Debtors filed the *Debtors' Motion for Entry of an Order (A) Establishing Bar Dates for Filing Proofs of Claim, Including Claims Under 11 U.S.C. § 503(b)(9); (B) Approving the Form and Manner for Filing Proofs of Claim; and (C) Approving Notice Thereof* [Docket No. ___] (the "***Bar Date Motion***"). On ___, 2013, the Court entered an order approving the Bar Date Motion [Docket No. ___] (the "***Bar Date Order***") and establishing certain dates (collectively, the "***Bar Dates***," and individually, a "***Bar Date***") by which parties holding claims against the Debtors that arose (or are deemed to have arisen) before the Petition Date must file proofs of claim against the Debtors. Each date is expressly set forth below.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

> YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE
> HOLDING A CLAIM AGAINST ONE OR MORE OF THE DEBTORS IN
> THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD
> READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.
> IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

### Background to the Debtors' Chapter 11 Cases

A. **General Information about the Debtors' Cases.** The Debtors' cases are being jointly administered under case number 13-10367 (MFW).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.[2]

B. **Individual Debtor Information.**  The location of the Debtors' corporate headquarters and the service address for all Debtors is:  4000 MacArthur Blvd., Newport Beach, California 92660.  The table below lists the respective case numbers for each Debtor:

| DEBTOR | CASE NO. |
| --- | --- |
| Conexant Systems, Inc. | 13-10367 (MFW) |
| Conexant CF, LLC | 13-10368 (MFW) |
| Brooktree Broadband Holding, Inc. | 13-10369 (MFW) |
| Conexant, Inc. | 13-10370 (MFW) |
| Conexant Systems Worldwide, Inc. | 13-10371 (MFW) |

C. **Access to Proof of Claim Forms and Additional Information.**  If you have any questions regarding the claims process and/or if you wish to obtain a copy of the Bar Date Motion, Bar Date Order, proof of claim form or related documents (and/or any other pleadings filed in the Debtors' chapter 11 cases) you may do so by:  (i) calling the Debtors' restructuring hotline at 888-909-0100; (ii) visiting the Debtors' restructuring website, available at: www.bmcgroup.com/conexant; and/or (iii) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Claims Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  Please note that BMC Group, Inc. ("***BMC***") can not advise you how to file, or whether you should file, a proof of claim.

---

[2] Except as otherwise defined herein, in the Bar Date Motion or in the Bar Date Order, all terms used in this notice that are specifically defined in the Bankruptcy Code shall have the meanings ascribed to such terms by the Bankruptcy Code.  In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

**Schedules of Assets and Liabilities**

On [____], 2013, each of the Debtors filed their statement of financial affairs and schedules of assets and liabilities with the Court [Docket Nos. ___] (collectively, the "*Schedules*"). The Debtors' Schedules and the Bar Date Order may be examined and inspected by interested parties during regular business hours at (a) the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022 or during posted hours at (b) the Clerk of the Bankruptcy Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. The Debtors' Schedules and the Bar Date Order are also available online and free of charge at www.bmcgroup.com/conexant.

## Bar Dates Approved by the Court

The Court has established the following Bar Dates as those dates by which parties holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date must file proofs of claim so that they are **actually received** by BMC:

**General Bar Date:**  **Friday, May 17, 2013 at 4:00 p.m. prevailing Eastern Time**, is the date by which all entities (which includes, individual persons, estates, trusts, partnerships and corporations, among others) must file proofs of claim.

**Governmental Bar Date:**  **Tuesday, August 27, 2013 at 4:00 p.m. prevailing Eastern Time**, is the date by which all governmental units holding claims (whether secured, unsecured priority or unsecured non-priority) must file proofs of claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which any of the Debtors was a party.

## Parties Required To File Proofs of Claim

A.  **Definition of Claim.** Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

B.  **Parties Who Must File Proofs of Claim.** Except as otherwise set forth herein, the following persons or entities holding claims against the Debtors that arose (or are deemed to have arisen) before the Petition Date must file proofs of claim on or before the applicable Bar Date:

   a)   any person or entity whose claim against a Debtor is not listed in the respective Debtor's Schedules or is listed on such Schedules as contingent, unliquidated or disputed;

   b)   any person or entity who desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

   c)   any holders of claims allowable as administrative expenses of the Debtors' estates pursuant to section 503(b)(9) of the Bankruptcy Code; or

   d)   any person or entity who believes that its claim is improperly classified in the Debtor's Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount.

C. **Parties Who Do Not Need To File Proofs of Claim.** Certain parties are not required to file proofs of claim. The Court may, however, enter one or more separate orders at a later time requiring holders of claims to file proofs of claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following persons or entities holding claims that would otherwise be subject to the applicable Bar Date need **not** file proofs of claim:

e) any person or entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court in a form substantially similar to Official Form 10;

f) a holder of any claim that is listed on the Debtors' Schedules; unless (i) the Claim is scheduled as "disputed," "contingent" or "unliquidated;" (ii) the Claimant disagrees with the amount, nature and/or priority of the Claim as set forth in the Schedules; or (iii) the Claimant disputes that the Claim is an obligation of the particular Debtor against which the claim is listed in the Schedules. In the case of either (i), (ii) or (iii), a proof of claim must be filed on or before the applicable Bar Date;

g) a holder of a claim that has previously been allowed by order of the Court;

h) a holder of a claim that has been paid in full by the Debtors or any other party;

i) a holder of a claim for which a specific deadline to file a claim previously has been fixed by the Court;

j) any Debtor having a claim against another Debtor;

k) a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission or benefit; *provided, however*, that a current or former employee must submit a proof of claim by the General Bar Date for all other claims, including claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance or any other litigation or pre-litigation claim;

l) a customer of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business pursuant to an existing customer program; *provided, however*, that a customer must submit a proof of claim by the applicable Bar Date if its claim relates to damages arising from claims for breach of contract, breach of warranty, misrepresentation or any other litigation or pre-litigation claim;

m) the Indenture Trustee for that certain Indenture dated March 10, 2010 entered into by the Debtors relating to the Debtors' prepetition secured notes (the "*Secured Notes*") nor any holder of the Secured Notes with respect to any indebtedness thereunder, including the repayment of principal, interest and/or other applicable fees and charges owed under any loan or note (whether secured or unsecured)

5

issued and/or guaranteed by the Debtors pursuant to the Indenture or arising in connection therewith, the claims for which, in the absence of the filing of any proof of claim, shall be governed by documentation relating to the Secured Notes and any Order entered by this Court enabling the Debtors to obtain post-petition financing, as applicable;[3] and

n) any holders of claims allowable under section 507(a)(1) of the Bankruptcy Code as administrative expenses of the Debtors' estates.

### Instructions for Filing Proofs of Claim

A. **Contents of Proofs of Claim.** Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used); (iii) conform substantially with Official Form 10; (iv) be signed by the holder of the claim or by an authorized agent of the holder of the claim; and (v) be an original proof of claim (photocopies or facsimiles will **not** be accepted).

B. **Claims Against Multiple Debtors.** Except as otherwise provided by the Bar Date Order, each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim will be treated as if filed only against the first-listed Debtor.

C. **Failure to Identify a Debtor.** Except as otherwise provided by the Bar Date Order, each proof of claim <u>must</u> identify the Debtor against which a claim is asserted including the Debtor's case number. A proof of claim filed under the joint administration case number (No. 13-10367), or otherwise without identifying a Debtor, will be deemed as filed only against Conexant Systems, Inc.

D. **Supporting Documentation.** Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; *provided, however*, that a proof of claim may only be filed without supporting documentation upon the prior written consent of the Debtors' counsel; *provided further, however*, that any creditor that received such written consent shall be required to transmit such writings to the Debtors' counsel upon request no later than 14 days from the date of such request.

E. **Timely Service.** Each proof of claim must be filed, including supporting documentation, by United States mail or other hand delivery system, so as to be **actually received** by

---

[3] The Secured Notes Indenture Trustee shall, in its discretion, have the right to file a single proof of claim on behalf of all claims of the Secured Notes Indenture Trustee and the holders of the Secured Notes arising in connection therewith.

BMC on or before the applicable Bar Date (or, where applicable, on or before any other Bar Dates set forth in the Bar Date Order) at the following address:

| All mailings to be sent to: | BMC Group, Inc.<br>Attn: Conexant Systems, Inc. Claims Processing<br>P.O. Box 3020<br>Chanhassen, MN 55317-3020 |
|---|---|
| If delivered by hand or overnight mail: | BMC Group, Inc.<br>Attn: Conexant Systems, Inc. Claims Processing<br>18675 Lake Drive East<br>Chanhassen, MN 55317 |

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.**

**Receipt of Service.** Holders of Claims wishing to receive acknowledgment that their proofs of claim were received by BMC must submit (i) a copy of the proof of claim and (ii) a self-addressed, stamped envelope.

### Consequences of Failing to Timely File Your Proof of Claim

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

- **YOU WILL BE FOREVER BARRED FROM ASSERTING THAT CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO IT) IN THESE CHAPTER 11 CASES;**

- **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM;**

- **YOU WILL NOT RECEIVE FURTHER NOTICES IN THESE BANKRUPTCY CASES; AND**

- **THE DEBTORS AND THEIR PROPERTY WILL BE DISCHARGED FROM ANY AND ALL LIABILITY WITH RESPECT TO THAT CLAIM.**

### Amendments to the Debtors' Schedules

A. **Amendments to Schedules.** In the event the Debtors amend their Schedules after the date of this notice, the Debtors will provide holders of claims that are affected by the amendment notice of the amendment, and such parties will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice.

B. **Amended Schedules Bar Date.** The Court has approved the later of (i) the Bar Date or (ii) 25 days from the date on which the Debtors provided notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which

holders of claims affected by the amendment must file proofs of claim with respect to such claim.

## Parties to the Debtors' Leases and Executory Contracts

A. **Rejection of Leases and Contracts.** The Bankruptcy Code provides that Debtors may, at any time before a plan of reorganization is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection.

B. **Proofs of Claim Relating to Rejection Damages.** The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the date set forth in an order authorizing the Debtors to reject contracts or leases pursuant to section 365 of the Bankruptcy Code (including any order confirming a plan of reorganization in the Debtors' chapter 11 cases), (b) the General Bar Date and (c) 35 days from the later of the date the rejection order is entered or notice of rejection is provided.

## Reservation of Rights

Nothing contained in this notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the Schedules.


| | |
|---|---|
| Dated: [DATE], 2013<br>Wilmington, Delaware | /s/ [DRAFT]<br>Domenic E. Pacitti (DE Bar No. 3989)<br>Michael W. Yurkewicz (DE Bar No. 4165)<br>**KLEHR HARRISON HARVEY BRANZBURG LLP**<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>Telephone: (302) 426-1189<br>Facsimile: (302) 426-9193<br><br>- and -<br><br>Morton Branzburg (admitted *pro hac vice*)<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 569-2700<br>Facsimile: (215) 568-6603<br><br>- and -<br><br>Paul M. Basta (admitted *pro hac vice*)<br>Joshua A. Sussberg (admitted *pro hac vice*)<br>Christopher T. Greco (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>*Proposed Co-Counsel to the Debtors<br>and Debtors in Possession* |