IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) Case No. 13-10367 (MFW) |
| Debtors. | ) Jointly Administered |
| | ) Related to Docket No. 70 |

**ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF ALVAREZ & MARSAL NORTH
AMERICA, LLC AS RESTRUCTURING ADVISOR AND FINANCIAL
ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "*Application*") of the debtors in possession in the above-captioned case (collectively, the "*Debtors*") for an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "*Bankruptcy Code*"), authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "*A&M*") as financial advisor, *nunc pro tunc* to the date of filing of these cases (the "*Petition Date*") on the terms set forth in the engagement letter (the "*Engagement Letter*") annexed to the Application as **Exhibit 1** to **Exhibit A**; and upon the Declaration of Shawn Hassel in support of the Application annexed thereto as **Exhibit B**; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

provided; and it appearing that the relief requested by this Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Application is granted to the extent set forth herein.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. For the avoidance of doubt, all references in this Order to A&M shall include A&M-S except where specified otherwise.

3. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as financial advisor to the Debtors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter.

4. The terms of the Engagement Letter, including without limitation, the compensation provisions, the Monthly Fee and the indemnification provisions, all as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

5. For the avoidance of doubt, if the Debtors restart the Sale Transaction process, A&M-S will be paid the Monthly Fee, however A&M will not be paid the Monthly Fee.

6. Neither A&M nor A&M-S will receive a Restructuring Transaction Fee.

7. The indemnification provisions of the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following:

    a. A&M shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

    b. Notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify A&M, or provide

2

        contribution or reimbursement to A&M, for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from A&M's gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of A&M's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to A&M's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which A&M should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

    c.    If, before the earlier of (i) the entry of an order confirming a Chapter 11 plan in this case (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, A&M must file an application therefore in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph c is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify A&M.

    d.    Any limitation on liability on any amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated.

8.    A&M shall file interim and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee and any applicable orders of the Court (collectively, the "*Fee Guidelines*").

9.    A&M shall be reimbursed only for reasonable and necessary expenses as provided by the Fee Guidelines.

10.    Notwithstanding anything in this Order to the contrary, the United States Trustee

for the District of Delaware (the "*U.S. Trustee*") shall retain the right and be entitled to object to any of A&M's fees and expenses, and the Official Committee of Unsecured Creditors (the "*Committee*") shall retain the right and be entitled to object to A&M's hourly fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code. The U.S. Trustee and A&M further stipulate and agree that this Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of A&M's compensation and reimbursement requests under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of A&M's fees and compensation.

11. With respect to controversies or claims arising out of or in any way related to the services or Engagement Letter, A&M agrees, notwithstanding any arbitration, dispute resolution or exclusive jurisdiction provisions contained in the Engagement Letter, that any disputes arising under the Engagement Letter shall be heard in this Court during the pendency of these cases.

12. Notwithstanding anything in the Engagement Letter, the Debtors' obligation to pay the Sale Transaction Fee shall terminate on the effective date of a plan of reorganization.

13. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Date: April 19, 2013
Wilmington, Delaware

　　　　　　　　　　　　　　　The Honorable Mary F. Walrath
　　　　　　　　　　　　　　　United States Bankruptcy Judge

4

PHIL1 2758424v.1