**<u>Exhibit D</u>**

**Disclosure Statement Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Related to Docket No. 14** |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT;
(B) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR
THE DISTRIBUTION THEREOF; (C) APPROVING THE FORMS OF BALLOTS
AND MANNER OF NOTICE; (D) APPROVING THE VOTING RECORD DATE,
SOLICITATION DEADLINE AND VOTING DEADLINE; AND (E) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***")

pursuant to sections 105(a), 502, 1123(a), 1124, 1125, 1126 and 1128 of the Bankruptcy Code,

Bankruptcy Rules 2002, 3003, 3016, 3017, 3018 and 3020 and Local Rules 2002-1 and 3017-1

for entry of an order (a) approving the *Disclosure Statement for the Second Modified Joint Plan*

*of Reorganization of Conexant Systems, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of*

*the Bankruptcy Code* (the "***Disclosure Statement***"); (b) approving the Disclosure Statement

Hearing Notice; (c) approving the Disclosure Statement Objection Deadline; (d) approving the

Voting Record Date, Solicitation Deadline and Voting Deadline; (e) approving the manner and

form of the Solicitation Packages and the materials contained therein; (f) approving the Plan

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:   Conexant Systems, Inc. (9439); Brooktree Broadband Holding, Inc. (5436); Conexant CF, LLC (6434); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).   The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Supplement Notice; (g) approving the Non-Voting Status Notices; (h) approving the form of notices to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan; (i) approving the Voting and Tabulation Procedures; and (j) approving the Plan Objection Deadline, Confirmation Hearing Date and Confirmation Hearing Notice, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

    1.    The Motion is granted to the extent provided herein.

**A.    Approval of the Disclosure Statement**

    2.    The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code, as providing holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits thereto) provides holders of Claims, holders of Interests and other parties in interest with sufficient notice of the injunction, exculpation and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**B.      Approval of the Disclosure Statement Hearing Notice**

4.      The Disclosure Statement Hearing Notice, the form of which is attached hereto as **Exhibit 1** and incorporated herein by reference, filed by the Debtors and served upon parties in interest in these chapter 11 cases on March 4, 2013, constitutes adequate and sufficient notice of the hearings to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**C.      Approval of Disclosure Statement Objection Deadline and Disclosure Statement Hearing Date**

5.      The following dates are hereby established (subject to modification as necessary with respect to the deadline to object to the Disclosure Statement, deadline to respond and the Disclosure Statement hearing date:

     a.      the Disclosure Statement Hearing be scheduled for **April 19, 2013** (the "***Disclosure Statement Hearing Date***");

     b.      **April 3, 2013 at 4:00 p.m. prevailing Eastern Time** shall be the date for determining: the deadline to object to the Disclosure Statement (the "***Disclosure Statement Objection Deadline***"); and

     c.      **April 15, 2013 at 4:00 p.m. prevailing Eastern Time** the deadline to respond to objections to the Disclosure Statement (the "***Disclosure Statement Response Deadline***").

**D.**     **Approval of the Materials and Timeline for Soliciting Votes**

    **i.**     **Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

    6.     The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

    a.     <u>**April 19, 2013**</u> shall be the date for determining: (i) the holders of Claims entitled to receive Solicitation Packages; (ii) the holders of Claims entitled to vote to accept or reject the Plan; and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "***Voting Record Date***");

    b.     the Debtors shall distribute Solicitation Packages to holders of Claims entitled to vote on the Plan by <u>**April 24, 2013**</u> (the "***Solicitation Deadline***"); and

    c.     all holders of Claims entitled to vote on the Plan must complete, execute and return their Ballots so that they are <u>**actually**</u> <u>**received**</u> by the Voting and Claims Agent or the Securities Voting Agent, as applicable, pursuant to the Voting and Tabulation Procedures, on or before <u>**May 23, 2013 at 4:00 p.m. prevailing Eastern Time**</u> (the "***Voting Deadline***").

    **ii.**     **Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**

    7.     In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

      a.      an appropriate form of Ballot attached hereto as **Exhibits 2A** and **2B**, respectively, and incorporated herein by reference;[3]

      b.      the Cover Letter attached hereto as **Exhibit 3** and incorporated herein by reference; and

      c.      the Confirmation Hearing Notice attached hereto as **Exhibit 4** and incorporated herein by reference.

8.      The Solicitation Packages provide the holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Rules.

9.      The Debtors shall distribute Solicitation Packages to all holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10.      The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement and this Order to holders of Claims entitled to vote on the Plan in CD-ROM format.  The Ballots as well as the Cover Letter and the Confirmation Hearing Notice will *only* be provided in paper form.  On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages to the U.S. Trustee and counsel to the Administrative Agents and (b) the Order (in CD-ROM format) and the Confirmation Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

---

[3]    The Debtors will make every reasonable effort to ensure that any holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

11.     Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Voting and Claims Agent and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the Debtors' expense).

12.     The Voting and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating and reporting on Ballots cast to accept or reject the Plan by holders of Claims against the Debtors, (c) responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan and (e) if necessary, contacting creditors regarding the Plan or as soon as practicable thereafter.

### iii.     Approval of the Confirmation Hearing Notice

13.     The Confirmation Hearing Notice, in the form of which is attached hereto as **Exhibit 4** and incorporated herein by reference, filed by the Debtors and served upon parties in interest in these chapter 11 cases on April 22, 2013, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.  The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time within seven business days following the Solicitation Deadline in the national edition of *The New York Times*.

### iv.    Approval of Notice of Filing of the Plan Supplement

14.    The Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served ten days prior to the Voting Deadline, substantially in the form attached hereto as **Exhibit 5** and incorporated herein by reference, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

### v.    Approval of the Form of Notices to Non-Voting Classes

15.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Voting and Claims Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

    a.    *Not Impaired Claims – Conclusively Presumed to Accept*: Holders of Claims in Classes 1 and 2 are not Impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, holders of such Claims will receive a notice, substantially in the form annexed as **Exhibit 6** attached hereto and incorporated herein by reference, in lieu of a Solicitation Package.

    b.    *Impaired Claims and Equity Interests – Deemed to Reject*: Holders of Claims and Interests in Class 7 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form annexed as **Exhibit 7** attached hereto and incorporated herein by reference, in lieu of a Solicitation Package.

16.    The Debtors will not provide the holders of Class 5 Intercompany Claims or Class 6 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

17.     The Debtors are not required to mail Solicitation Packages or other solicitation materials to:  (a) holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

###### vi.     Approval of Notices to Contract and Lease Counterparties

18.     The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), in the forms attached hereto as **Exhibit 8** and **Exhibit 9** and incorporated herein by reference, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

### E.     Approval of the Voting and Tabulation Procedures

19.     The Debtors are authorized to solicit, receive and tabulate votes to accept the Plan in accordance with the Voting and Tabulation Procedures attached hereto as **Exhibit 10** and incorporated herein by reference, which are hereby approved in their entirety.

### F.     Approval of Procedures for Confirming the Plan

#### i.     Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan

20.     The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

a.     **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** shall be date by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (as identified below) (the "***Plan Objection Deadline***");

b.     **May 28, 2013** shall be the date by which the voting certification must be filed with the Court;

c.    **May 31, 2013 at 4:00 p.m. prevailing Eastern Time** shall be the date by which replies to objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (as identified below) (the "***Reply Deadline***"); and

d.    the Court shall consider Confirmation of the Plan at the hearing to be held on **June 4, 2013 at 10:30 a.m. prevailing Eastern Time** (the "***Confirmation Hearing Date***").

ii.    **Approval of the Procedures for Filing Objections to the Plan**

21.    Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so to be **actually received** on or before the **May 23, 2013 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, Esq.<br>Attn:  Christoper T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York  10022-4611<br><br><br><br><br>*Co-Counsel to the Debtors* | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br><br>Attn: Morton Branzburg, Esq.<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103 |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Attn:  Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036<br><br>*Counsel to the Secured Lender* | **PEPPER HAMILTON**<br>Attn:  David B. Stratton, Esq.<br>Attn:  David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br>*Co-Counsel to the Secured Lender* |
| **DLA PIPER**<br>Attn:  Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601<br><br>*Counsel to Golden Gate Private Equity, Inc.* | **COOLEY LLP**<br>Attn: Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800<br><br>*Counsel to August Capital* |

**THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**
Attn:  Tiiara Patton, Esq.
844 King Street, Suite 2207
Wilmington, Delaware  19801

| **KELLEY DRYE & WARREN LLP** | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP** |
|---|---|
| Attn:  James S. Carr, Esq. | Attn:  Kevin J. Mangan, Esq. |
| Attn: Robert L. LeHane, Esq. | Attn:  Matthew P. Ward, Esq. |
| Attn: Craig A. Wolfe, Esq. | 222 Delaware Avenue, Suite 1501 |
| 101 Park Avenue | Wilmington, Delaware 19801 |
| New York, New York 10178 | |
| | *Co-Counsel to the Statutory Committee of Unsecured* |
| *Counsel to the Statutory Committee of Unsecured Creditors* | *Creditors* |

22.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

23.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

25.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: _____, 2013
      Wilmington, Delaware

_____
        Honorable Mary F. Walrath
        United States Bankruptcy Judge

## <u>Exhibit 1</u>

**Disclosure Statement Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## NOTICE OF DISCLOSURE STATEMENT HEARING

**PLEASE TAKE NOTICE THAT** on February 28, 2013, Conexant Systems, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), filed the (i) *Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*, (as modified, amended or supplemented from time to time, the "***Plan***")[2] and the (ii) *Disclosure Statement for the Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "***Disclosure Statement***").

**PLEASE TAKE FURTHER NOTICE THAT** a hearing (the "***Disclosure Statement Hearing***") will held before the Honorable Mary F. Walrath, United States Bankruptcy Judge, on **April 10, 2013** at **11:30 a.m.**, in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Third Floor, Wilmington, Delaware 19801, (the "***Court***"), to consider the entry of an order approving, among other things, (a) the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (b) the solicitation materials and documents to be included in the solicitation packages (the "***Solicitation Packages***"); (c) procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan; and (d) the Voting Record Date for determining (i) the holders of Claims entitled to receive the solicitation materials and documents to be included in the Solicitation Packages, (ii) the holders of Claims entitled to vote to accept or reject the Plan and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim.  Please be advised that the Disclosure Statement Hearing may be continued from time to time by the Court or the Debtors

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on the list of parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan or related documents, you should contact BMC Group, Inc., the voting and claims agent retained by the Debtors in these Chapter 11 Cases, by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Disclosure Statement is **April 3, 2013 at 4:00 p.m. prevailing Eastern Time**.  Any objections to the relief sought at the Disclosure Statement Hearing **must**:  (a) be made in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state with particularity the legal and factual basis for the objection and if practicable, a proposed modification to the Disclosure Statement (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **April 3, 2013 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, Esq.<br>Attn:  Christopher T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York  10022-4611 | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br><br>Attn: Morton Branzburg, Esq.<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103 |
| *Co-Counsel to the Debtors* | |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Attn:  Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036 | **PEPPER HAMILTON**<br>Attn:  David B. Stratton, Esq.<br>Attn:  David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709 |
| *Co-Counsel to the Secured Lender* | |
| **DLA PIPER**<br>Attn: Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601 | **COOLEY LLP**<br>Attn: Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111 |
| *Counsel to Golden Gate Private Equity, Inc.* | *Counsel to August Capital* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Tiiara Patton, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |

<table>
<tr><td><p align="center"><strong>KELLEY DRYE &amp; WARREN LLP</strong><br/>Attn:  James S. Carr, Esq.<br/>Attn: Robert L. LeHane, Esq.<br/>Attn: Craig A. Wolfe, Esq.<br/>101 Park Avenue<br/>New York, New York 10178</p><p align="center"><em><strong>Counsel to the Statutory Committee of Unsecured Creditors</strong></em></p></td><td><p align="center"><strong>WOMBLE CARLYLE SANDRIDGE &amp; RICE, LLP</strong><br/>Attn:  Kevin J. Mangan, Esq.<br/>Attn:  Matthew P. Ward, Esq.<br/>222 Delaware Avenue, Suite 1501<br/>Wilmington, Delaware 19801</p><p align="center"><em><strong>Co-Counsel to the Statutory Committee of Unsecured Creditors</strong></em></p></td></tr>
</table>

Dated:  March 4, 2013            */s/ Domenic E. Pacitti*
      Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 426-1189
Facsimile:  (302) 426-9193

- and -

Morton Branzburg (*pro hac vice* admission pending)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:  (215) 569-2700
Facsimile:  (215) 568-6603

- and -

Paul M. Basta (*pro hac vice* admission pending)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

3

**Exhibit 2A**

**Proposed Class 3 Ballot**
**(with respect to Holders of Secured Notes Claims)**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## CLASS 3 BALLOT FOR ACCEPTING OR REJECTING THE JOINT PLAN OF REORGANIZATION OF CONEXANT SYSTEMS, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

---

### CLASS 3—SECURED NOTES CLAIMS

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AND CLAIMS AGENT BY 4:00 P.M. PREVAILING EASTERN TIME ON MAY 23, 2013, THE VOTING DEADLINE, OR YOUR VOTE WILL <u>NOT</u> BE COUNTED.**

---

This ballot (the "***Ballot***") is submitted to you by Conexant Systems, inc. and each of its affiliated debtors and debtors in possession (collectively, the "***Debtors***") to solicit your vote to accept or reject the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "***Plan***"), which is described in the accompanying *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***").

The Plan constitutes a separate chapter 11 plan of reorganization for each of the five Debtors and the classifications set forth in the Plan shall be deemed to apply to each of the Debtors unless otherwise provided in the Plan. Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined herein shall have the meaning ascribed to them in Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

BALLOT CODE [__]

treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**TO HAVE YOUR VOTE COUNTED, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AND CLAIMS AGENT ON OR BEFORE 4:00 P.M. PREVAILING EASTERN TIME ON MAY 23, 2013.**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  THESE PROVISIONS ARE FOUND IN **ARTICLE VIII** OF THE PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

---

<div style="border:1px solid black">

**<ins>IMPORTANT</ins>**

You should review the Disclosure Statement and the Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.  Your Claim has been placed in Class 3—Secured Notes Claims under the Plan.  If you hold Claims in more than one Class, you will receive a separate Ballot for each Class in which you are entitled to vote.

If your vote is not received by the Voting and Claims Agent, BMC Group, Inc., on or before the Voting Deadline and the deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  Ballots should be mailed to the following address:

**BMC GROUP, INC.**
**VOTING AND CLAIMS AGENT FOR CONEXANT SYSTEMS, INC., ET AL.**
**ATTN: CONEXANT SYSTEMS, INC. BALLOT PROCESSING**
**18675 LAKE DRIVE EAST**
**CHANHASSEN, MN 55317**

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 23, 2013.**

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Plan.

</div>

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

**HOW TO VOTE**

1.     MAKE SURE THE INFORMATION CONTAINED IN ITEM 1 IS CORRECT.

2.     VOTE TO ACCEPT OR REJECT THE PLAN IN ITEM 2.  EACH OF THE DEBTORS IS SOLICITING VOTES ON THE PLAN ATTACHED AS **EXHIBIT A** TO THE DISCLOSURE STATEMENT.  TO THIS END, HOLDERS OF CLASS 3—SECURED NOTES CLAIMS MAY CHOOSE TO ACCEPT OR REJECT THE CHAPTER 11 PLAN, AS INDICATED IN **ITEM 2** OF THE BALLOT.

3.     REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 3.

4.     **SIGN THE BALLOT.**

5.     RETURN THE SIGNED BALLOT TO THE VOTING AND CLAIMS AGENT.

6.     **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

7.     YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT *OR* REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

8.     ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE CHAPTER 11 PLAN OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND REJECTION OF THE CHAPTER 11 PLAN WILL NOT BE COUNTED.

9.     **ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED.  IF YOU ARE COMPLETING THIS BALLOT ON BEHALF OF ANOTHER PERSON OR ENTITY, INDICATE YOUR RELATIONSHIP WITH SUCH PERSON OR ENTITY AND THE CAPACITY IN WHICH YOU ARE SIGNING.**

**Item 1.  Principal Amount of Class 3—Secured Notes Claims Voted.**  The undersigned certifies that as of the Voting Record Date, the undersigned was the holder of a Class 3—Secured Notes Claim against all of the Debtors in the procedurally consolidated chapter 11 cases pending in the Bankruptcy Court under case no. 13-10367 (MFW) in the following aggregate unpaid principal amount (insert amount in the box below):

$$\boxed{\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxxxx}}$$

$

**Item 2.  Vote**.  The holder of the Class 3—Secured Notes Claim against all of the Debtors in the procedurally consolidated chapter 11 cases pending in the Bankruptcy Court under case no. 13-10367 (MFW) set forth in <u>Item 1</u> votes to (please check **only** one box):

☐     <u>**ACCEPT**</u> THE PLAN

> **If you would like to vote to accept the Plan but *not* be subject to the release provision contained in Article VIII.E of the Plan, please indicate so by checking this box:  ☐**

☐     <u>**REJECT**</u> THE PLAN

**THE PLAN CONSISTS OF SEPARATE CHAPTER 11 PLANS FOR EACH OF THE DEBTORS.  THIS BALLOT REPRESENTS YOUR VOTE ON THE SEPARATE CHAPTER 11 PLANS FOR EACH DEBTOR.  TO THE EXTENT YOU WOULD LIKE TO OBJECT TO ANY INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN, YOU ARE REQUIRED TO FILE A MOTION UNDER RULE 3018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AS EXPLAINED IN THE DEBTORS' VOTING AND TABULATION PROCEDURES.**

<u>**IMPORTANT INFORMATION REGARDING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS:**</u>

THE RELEASE IN ARTICLE VIII.E OF THE PLAN, WHICH PROVIDES:

> ON THE EFFECTIVE DATE OF THE PLAN AND TO THE FULLEST EXTENT AUTHORIZED BY APPLICABLE LAW, EACH HOLDER OF A CLAIM OR AN INTEREST IN THE DEBTORS THAT DOES NOT OPT OUT OF THE RELEASES CONTAINED IN THIS PARAGRAPH SHALL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY AND INDIVIDUALLY AND  COLLECTIVELY, RELEASED, ACQUITTED AND DISCHARGED THE DEBTORS (INCLUDING THE DEBTORS' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, CURRENT AND FORMER OFFICERS, DIRECTORS, PRINCIPALS, SHAREHOLDERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS AND OTHER PROFESSIONALS) AND THE RELEASED PARTIES FROM ANY AND ALL ACTIONS, CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, THAT SUCH HOLDER (WHETHER INDIVIDUALLY OR COLLECTIVELY) EVER HAD, NOW HAS OR HEREAFTER CAN, SHALL OR MAY HAVE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' RESTRUCTURING, THE CHAPTER 11 CASES, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING

BALLOT CODE [__]                                        4

THE RESTRUCTURING, INCLUDING THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN, THE DISCLOSURE STATEMENT, OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE RELATING TO THE DEBTORS TAKING PLACE ON OR BEFORE THE CONFIRMATION DATE OF THE PLAN, EXCEPT FOR ANY CLAIMS AND CAUSES OF ACTION FOR ACTUAL FRAUD.

**Item 3. Certifications and Acknowledgments**.  By returning this Ballot, the holder of the Class 3—Secured Notes Claim identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Class 3—Secured Notes Claim held by such holder.  By signing this Ballot, the undersigned acknowledges and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as either an acceptance or rejection of the Plan.

---
Name of Creditor (Please Print)

---
Authorized Signature

---
Name of Signatory

---
If  by Authorized Agent, Name and Title[2]

---
Street Address

---
City, State, Zip Code

---
Telephone Number

---
Date Completed

**PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 23, 2013.**

**THE VOTING AND CLAIMS AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AND CLAIMS AGENT, AT 888-909-0100.**

---

[2]    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

**Exhibit 2B**

**Proposed Class 4 Ballot**
**(with respect to Holders of General Unsecured Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**CLASS 4 BALLOT FOR ACCEPTING OR REJECTING THE JOINT
PLAN OF REORGANIZATION OF CONEXANT SYSTEMS, INC. AND ITS
DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**CLASS 4—GENERAL UNSECURED CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS
FOR COMPLETING BALLOTS CAREFULLY BEFORE
COMPLETING THIS BALLOT.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE
VOTING AND CLAIMS AGENT BY
4:00 P.M. PREVAILING EASTERN TIME ON MAY 23, 2013, THE
VOTING DEADLINE, OR YOUR VOTE WILL <u>NOT</u> BE COUNTED.**

---

This ballot (the "***Ballot***") is submitted to you by Conexant Systems, inc. and each of its affiliated debtors and debtors in possession (collectively, the "***Debtors***") to solicit your vote to accept or reject the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "***Plan***"), which is described in the accompanying *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***").

The Plan constitutes a separate chapter 11 plan of reorganization for each of the 5 Debtors and the classifications set forth in the Plan shall be deemed to apply to each of the Debtors unless otherwise provided in the Plan.  Capitalized terms used in this Ballot or the attached instructions that are not otherwise defined herein shall have the meaning ascribed to them in Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

BALLOT CODE [__]

treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**TO HAVE YOUR VOTE COUNTED, YOU MUST COMPLETE, SIGN AND RETURN THIS BALLOT IN THE ENVELOPE PROVIDED SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AND CLAIMS AGENT ON OR BEFORE 4:00 P.M. PREVAILING EASTERN TIME ON MAY 23, 2013.**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  THESE PROVISIONS ARE FOUND IN **ARTICLE VIII** OF THE PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.

**EACH HOLDER OF AN ALLOWED GENERAL UNSECURED CLAIMS WILL RECEIVE A PRO RATA DISTRIBUTION OF THE GENERAL UNSECURED CLAIMS RECOVERY POOL REGARDLESS OF WHETHER CLASS 4 VOTES TO ACCEPT OR REJECT THE PLAN; *PROVIDED*, *HOWEVER*, THAT UPON THE EFFECTIVE DATE OF THE PLAN, THE SECURED LENDER WILL BE DEEMED TO WAIVE THE SECURED NOTES DEFICIENCY CLAIM AND ITS RIGHTS TO PARTICIPATE IN AND/OR RECEIVE ANY DISTRIBUTION FROM THE GENERAL UNSECURED CLAIMS RECOVERY POOL.**

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim or Claims under the Plan.  Your Claim has been placed in Class 4—General Unsecured Claims under the Plan.  If you hold Claims in more than one Class, you will receive a separate Ballot for each Class in which you are entitled to vote.

If your vote is not received by the Voting and Claims Agent, BMC Group, Inc., on or before the Voting Deadline and the deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  Ballots should be mailed to the following address:

**BMC GROUP, INC.**
**VOTING AND CLAIMS AGENT FOR CONEXANT SYSTEMS, INC., ET AL.**
**ATTN: CONEXANT SYSTEMS, INC. BALLOT PROCESSING**
**18675 LAKE DRIVE EAST**
**CHANHASSEN, MN 55317**

**THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 23, 2013.**

Ballots will not be accepted by facsimile transmission or electronic mail.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Plan.

---

BALLOT CODE [__]                              2

### VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

**HOW TO VOTE**

1. MAKE SURE THE INFORMATION CONTAINED IN ITEM 1 IS CORRECT.

2. VOTE TO ACCEPT OR REJECT THE PLAN IN ITEM 2. EACH OF THE DEBTORS IS SOLICITING VOTES ON THE PLAN ATTACHED AS **EXHIBIT A** TO THE DISCLOSURE STATEMENT. TO THIS END, HOLDERS OF CLASS 4—GENERAL UNSECURED CLAIMS MAY CHOOSE TO ACCEPT OR REJECT THE CHAPTER 11 PLAN, AS INDICATED IN **ITEM 2** OF THE BALLOT.

3. REVIEW THE CERTIFICATIONS AND ACKNOWLEDGEMENTS IN ITEM 3.

4. **SIGN THE BALLOT.**

5. RETURN THE SIGNED BALLOT TO THE VOTING AND CLAIMS AGENT.

6. **BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL NOT BE COUNTED.**

7. YOU MUST VOTE THE FULL AMOUNT OF YOUR CLAIM REPRESENTED BY THIS BALLOT TO ACCEPT *OR* REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

8. ANY EXECUTED BALLOT RECEIVED THAT (A) DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE CHAPTER 11 PLAN OR (B) THAT INDICATES BOTH AN ACCEPTANCE AND REJECTION OF THE CHAPTER 11 PLAN WILL NOT BE COUNTED.

9. **ALL BALLOTS MUST BE FULLY EXECUTED TO BE COUNTED. IF YOU ARE COMPLETING THIS BALLOT ON BEHALF OF ANOTHER PERSON OR ENTITY, INDICATE YOUR RELATIONSHIP WITH SUCH PERSON OR ENTITY AND THE CAPACITY IN WHICH YOU ARE SIGNING.**

**Item 1.   Principal Amount of Class 4—General Unsecured Claims Voted.**  The undersigned certifies that as of the Voting Record Date, the undersigned was the holder of a Class 4—General Unsecured Claim against all of the Debtors in the procedurally consolidated chapter 11 cases pending in the Bankruptcy Court under case no. 13-10367 (MFW) in the following aggregate unpaid principal amount (insert amount in the box below):

> $

**Item 2.   Vote.**  The holder of the Class 4—General Unsecured Claim against all of the Debtors in the procedurally consolidated chapter 11 cases pending in the Bankruptcy Court under case no. 13-10367 (MFW) set forth in <u>Item 1</u> votes to (please check **only** one box):

☐      <u>**ACCEPT**</u> THE PLAN

> **If you would like to vote to accept the Plan but *not* be subject to the release provision contained in Article VIII.E of the Plan, please indicate so by checking this box:  ☐**

☐      <u>**REJECT**</u> THE PLAN

**THE PLAN CONSISTS OF SEPARATE CHAPTER 11 PLANS FOR EACH OF THE DEBTORS.  THIS BALLOT REPRESENTS YOUR VOTE ON THE SEPARATE CHAPTER 11 PLANS FOR EACH DEBTOR.  TO THE EXTENT YOU WOULD LIKE TO OBJECT TO ANY INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN, YOU ARE REQUIRED TO FILE A MOTION UNDER RULE 3018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AS EXPLAINED IN THE DEBTORS' VOTING AND TABULATION PROCEDURES.**

<u>**IMPORTANT INFORMATION REGARDING RELEASES BY HOLDERS OF CLAIMS AND INTERESTS:**</u>

THE RELEASE IN ARTICLE VIII.E OF THE PLAN, WHICH PROVIDES:

> ON THE EFFECTIVE DATE OF THE PLAN AND TO THE FULLEST EXTENT AUTHORIZED BY APPLICABLE LAW, EACH HOLDER OF A CLAIM OR AN INTEREST IN THE DEBTORS THAT DOES NOT OPT OUT OF THE RELEASES CONTAINED IN THIS PARAGRAPH SHALL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY AND INDIVIDUALLY AND  COLLECTIVELY, RELEASED, ACQUITTED AND DISCHARGED THE DEBTORS (INCLUDING THE DEBTORS' PREDECESSORS, SUCCESSORS AND ASSIGNS, SUBSIDIARIES, AFFILIATES, MANAGED ACCOUNTS OR FUNDS, CURRENT AND FORMER OFFICERS, DIRECTORS, PRINCIPALS, SHAREHOLDERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, MANAGEMENT COMPANIES, FUND ADVISORS AND OTHER PROFESSIONALS) AND THE RELEASED PARTIES FROM ANY AND ALL ACTIONS, CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED ON BEHALF OF THE DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT OR OTHERWISE, THAT SUCH HOLDER (WHETHER INDIVIDUALLY OR COLLECTIVELY) EVER HAD, NOW HAS OR HEREAFTER CAN, SHALL OR MAY HAVE, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE DEBTORS' RESTRUCTURING, THE CHAPTER 11 CASES, THE PURCHASE, SALE OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN THE DEBTORS AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS BEFORE OR DURING

BALLOT CODE [__]                              4

THE RESTRUCTURING, INCLUDING THE NEGOTIATION, FORMULATION OR PREPARATION OF THE PLAN, THE DISCLOSURE STATEMENT, OR RELATED AGREEMENTS, INSTRUMENTS OR OTHER DOCUMENTS OR ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT OR OTHER OCCURRENCE RELATING TO THE DEBTORS TAKING PLACE ON OR BEFORE THE CONFIRMATION DATE OF THE PLAN, EXCEPT FOR ANY CLAIMS AND CAUSES OF ACTION FOR ACTUAL FRAUD.

**Item 3. Certifications and Acknowledgments**.  By returning this Ballot, the holder of the Class 4—General Unsecured Claim identified in Item 1 certifies that this Ballot is the only Ballot submitted for the Class 4—General Unsecured Claim held by such holder. By signing this Ballot, the undersigned acknowledges and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted as either an acceptance or rejection of the Plan.

<div style="text-align:center">

_____
Name of Creditor (Please Print)

_____
Authorized Signature

_____
Name of Signatory

_____
If  by Authorized Agent, Name and Title[2]

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

</div>

**PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME) ON MAY 23, 2013.**

**THE VOTING AND CLAIMS AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AND CLAIMS AGENT, AT 888-909-0100.**

---

[2]  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

**<u>Exhibit 3</u>**

**Cover Letter**

**[LETTERHEAD]**

**[DATE]**

<u>Via First Class Mail</u>

<u>RE</u>:      <u>**In re Conexant Systems, Inc.,** *et al.*,</u>
            <u>**Chapter 11 Case No. 13-10367 (MFW) (Jointly Administered)**</u>

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

      Conexant Systems, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "***Court***") on February 28, 2013.

      You have received this letter and the enclosed materials because you are entitled to vote on the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "***Plan***").[2]  On [_____], 2013 the Court entered an order (the "***Disclosure Statement Order***"): (a) authorizing the Debtors to solicit acceptances for the Plan; (b) approving the *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "***Solicitation Package***"); and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

> YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO
> VOTE ON THE PLAN.  THEREFORE, YOU SHOULD READ THIS LETTER
> CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.  IF YOU DO
> NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to holders of Claims in connection with the solicitation of votes to accept the Plan.  The Solicitation Package consists of the following:

i.      the Disclosure Statement, as approved by the Bankruptcy Court (with all exhibits, including the Plan);

ii.     the Disclosure Statement Order;

iii.    the notice of the hearing to consider confirmation of the Plan; and

iv.     a Ballot (together with detailed voting instructions and a postage prepaid return envelope, pre-addressed to the Voting and Claims Agent (identified below)).

Conexant Systems, Inc. (on behalf of itself and each of the other Debtors) has approved the filing of the Plan and the solicitation of votes to accept the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of their estates, holders of Claims and all other parties in interest.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, would likely result in smaller distributions (or no distributions) on account of Claims asserted in these Chapter 11 Cases.

> **THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY
> SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN.  BALLOTS
> SHOULD BE SUBMITTED TO THE FOLLOWING ADDRESS**:
>
> **BMC GROUP, INC.
> VOTING AND CLAIMS AGENT FOR CONEXANT SYSTEMS, INC., ET AL.
> ATTN: CONEXANT SYSTEMS, INC. CLAIMS PROCESSING
> 18675 LAKE DRIVE EAST
> CHANHASSEN, MN 55317**
>
> **THE VOTING DEADLINE IS 4:00 P.M. (PREVAILING EASTERN TIME)
> ON MAY 23, 2013**

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact BMC Group, Inc., the voting and claims agent retained by the Debtors in these Chapter 11 Cases (the "***Voting and Claims Agent***"), by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11

2

Cases for a fee via PACER at:  http://www.deb.uscourts.gov.  Please be advised that the Voting and Claims Agent is authorized to answer questions about, and provide additional copies of solicitation materials, but may **<u>not</u>** advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_____
Conexant Systems, Inc. on its own behalf and for each of the other four Debtors

## <u>Exhibit 4</u>

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING TO CONSIDER**
**CONFIRMATION OF THE CHAPTER 11 PLAN FILED BY THE**
**DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

      **PLEASE TAKE NOTICE THAT** on [_____], 2013, the United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order (the "***Disclosure Statement Order***"):  (a) authorizing Conexant Systems, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), to solicit acceptances for the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "***Plan***");[2]  (b) approving the *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "***Solicitation Packages***"); and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "***Confirmation Hearing***") will commence at **10:30 a.m. prevailing Eastern Time on June 4, 2013**, before the Honorable Judge Walrath, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

---

**PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS *WITHOUT FURTHER NOTICE* OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is April 19, 2013 (the "*Voting Record Date*"), which is the date for determining which holders of Claims in Classes 3 and 4 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **4:00 p.m. prevailing Eastern Time on May 23, 2013** (the "*Voting Deadline*").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' voting and claims agent, BMC Group, Inc. (the "*Voting and Claims Agent*") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.E. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

**Plan Objection Deadline**.  The deadline for filing objections to the Plan is **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** (the "*Plan Objection Deadline*").  All objections to the relief sought at the Confirmation Hearing must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **May 23, 2013 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, Esq.<br>Attn:  Christoper T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York  10022-4611 | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br><br>Attn: Morton Branzburg, Esq.<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103 |
| *Co-Counsel to the Debtors* | |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Attn:  Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036<br><br>*Counsel to the Secured Lender* | **PEPPER HAMILTON**<br>Attn:  David B. Stratton, Esq.<br>Attn:  David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br>*Co-Counsel to the Secured Lender* |
| **DLA PIPER**<br>Attn:  Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601<br><br>*Counsel to Golden Gate Private Equity, Inc.* | **COOLEY LLP**<br>Attn: Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800<br><br>*Counsel to August Capital* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Tiiara Patton, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **KELLEY DRYE & WARREN LLP**<br>Attn:  James S. Carr, Esq.<br>Attn: Robert L. LeHane, Esq.<br>Attn: Craig A. Wolfe, Esq.<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel to the Statutory Committee of Unsecured Creditors* | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**<br>Attn:  Kevin J. Mangan, Esq.<br>Attn:  Matthew P. Ward, Esq.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, Delaware 19801<br>*Co-Counsel to the Statutory Committee of Unsecured Creditors* |

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a CD-ROM), please feel free to contact the Debtors' Voting and Claims Agent, by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.  Please be advised that the Voting and Claims Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**Filing the Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on or before May 13, 2013 and will serve notice on all holders of Claims entitled to vote on the Plan, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

**BINDING NATURE OF THE PLAN**:

**IF CONFIRMED THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM IN THE CHAPTER 11 CASES OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

Dated: _____, 2013
       Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

- and -

Morton Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

- and -

Paul M. Basta (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Co-Counsel to the Debtors
and Debtors in Possession*

## **Exhibit 5**

**Plan Supplement Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) Case No. 13-10367 (MFW) |
| | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [_____], 2013, United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order (the "***Disclosure Statement Order***"):   (a) authorizing Conexant Systems, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), to solicit acceptances for the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "***Plan***");[2]  (b) approving the *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan the Disclosure Statement Order approving the Disclosure Statement, the Debtors filed the Plan Supplement with the Court on May 13, 2013 [Docket No. ___]. The Plan Supplement contains the following documents (each as defined in the Plan):  (a) the New By-Laws; (b) the New Certificates of Incorporation; (c) the Rejected Executory Contract and Unexpired Lease List (d) the Assumed Executory Contract and Unexpired Lease List; (e) a list of retained Causes of Action, if any; (f) the identification of any Disbursing Agent other than the Reorganized Debtors; (g) the identity of the members of the Holdco Board and the New Subsidiary Boards; (h) the material terms of the Emergence Bonus Plan; (i) the material terms of the New Notes Indenture; and (j) the material terms of the New Working Capital Facility.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "***Confirmation Hearing***") will commence at **10:30 a.m.**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

**prevailing Eastern Time on June 4, 2013**, before the Honorable Judge Walrath, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** (the "*Plan Objection Deadline*"). Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **May 23, 2013 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, Esq.<br>Attn:  Christoper T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York  10022-4611 | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn:  Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br><br>Attn:  Morton Branzburg, Esq.<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103 |
| *Co-Counsel to the Debtors* | |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Attn:  Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036<br><br>*Counsel to the Secured Lender* | **PEPPER HAMILTON**<br>Attn:  David B. Stratton, Esq.<br>Attn:  David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br>*Co-Counsel to the Secured Lender* |
| **DLA PIPER**<br>Attn:  Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601<br><br>*Counsel to Golden Gate Private Equity, Inc.* | **COOLEY LLP**<br>Attn:  Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800<br><br>*Counsel to August Capital* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Tiiara Patton, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **KELLEY DRYE & WARREN LLP**<br>Attn:  James S. Carr, Esq.<br>Attn: Robert L. LeHane, Esq.<br>Attn: Craig A. Wolfe, Esq.<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel to the Statutory Committee of Unsecured Creditors* | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**<br>Attn:  Kevin J. Mangan, Esq.<br>Attn:  Matthew P. Ward, Esq.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, Delaware 19801<br>*Co-Counsel to the Statutory Committee of Unsecured Creditors* |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact BMC Group, Inc., the voting and claims agent retained by the Debtors in these Chapter 11 Cases (the "*Voting and Claims Agent*"), by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake

Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.E. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE VOTING AND CLAIMS AGENT.**

---

Dated: _____, 2013

      Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY**
**BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

- and -

Morton Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

- and -

Paul M. Basta (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**<u>Exhibit 6</u>**

**Notice of Non-Voting Status (Not Impaired)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS TO HOLDER OF
## UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [_____], 2013, the United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order (the "***Disclosure Statement Order***"):  (a) authorizing Conexant Systems, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), to solicit acceptances for the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "***Plan***");[2] (b) approving the *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a holder of a Claim (as currently asserted against the Debtors) that is not Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "***Confirmation Hearing***") will commence at **10:30 a.m. prevailing Eastern Time on June 4, 2013**, before the Honorable Judge Walrath, in the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801**.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** (the "*Plan Objection Deadline*"). All objections to the relief sought in the Plan must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **May 23, 2013 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, Esq.<br>Attn:  Christopher T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York  10022-4611 | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>Attn: Margaret M. Manning, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801 |
| *Co-Counsel to the Debtors* | |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Attn:  Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036<br><br>*Counsel to the Secured Lender* | **PEPPER HAMILTON**<br>Attn:  David B. Stratton, Esq.<br>Attn:  David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br>*Co-Counsel to the Secured Lender* |
| **DLA PIPER**<br>Attn:  Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601<br><br>*Counsel to Golden Gate Private Equity, Inc.* | **COOLEY LLP**<br>Attn: Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800<br><br>*Counsel to August Capital* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Tiiara Patton, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **KELLEY DRYE & WARREN LLP**<br>Attn:  James S. Carr, Esq.<br>Attn: Robert L. LeHane, Esq.<br>Attn: Craig A. Wolfe, Esq.<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel to the Statutory Committee of Unsecured Creditors* | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**<br>Attn:  Kevin J. Mangan, Esq.<br>Attn:  Matthew P. Ward, Esq.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, Delaware 19801<br><br>*Co-Counsel to the Statutory Committee of Unsecured Creditors* |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact BMC Group, Inc., the voting and claims agent retained by the Debtors in these Chapter 11 Cases (the "*Voting and Claims Agent*"), by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.E. CONTAINS A THIRD-
PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE
PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN**

Dated: _____, 2013

    Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 426-1189
Facsimile:  (302) 426-9193

- and -

Morton Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:  (215) 569-2700
Facsimile:  (215) 568-6603

- and -

Paul M. Basta (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

*Co-Counsel to the Debtors
and Debtors in Possession*

3

## Exhibit 7

**Notice of Non-Voting Status (Impaired)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF
IMPAIRED CLAIMS AND EQUITY INTERESTS DEEMED TO REJECT THE PLAN**

       **PLEASE TAKE NOTICE THAT** on [_____], 2013, the United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order (the "***Disclosure Statement Order***"):  (a) authorizing Conexant Systems, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), to solicit acceptances for the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "***Plan***");[2] (b) approving the *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

       **PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, *you are not entitled to vote on the Plan*. Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote on the Plan.

       **PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "***Confirmation Hearing***") will commence at **10:30 a.m. prevailing Eastern Time on  June 4, 2013**, before the Honorable Judge Walrath, in the United

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** (the "*Plan Objection Deadline*"). All objections to the relief sought in the Plan must:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the legal and factual for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **May 23, 2013 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, Esq.<br>Attn:  Christoper T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York  10022-4611 | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br><br>Attn: Morton Branzburg, Esq.<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103 |
| *Co-Counsel to the Debtors* | |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Attn:  Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036<br><br>*Counsel to the Secured Lender* | **PEPPER HAMILTON**<br>Attn:  David B. Stratton, Esq.<br>Attn:  David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br>*Co-Counsel to the Secured Lender* |
| **DLA PIPER**<br>Attn:  Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601 | **COOLEY LLP**<br>Attn: Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800 |
| *Counsel to Golden Gate Private Equity, Inc.* | *Counsel to August Capital* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Tiiara Patton, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **KELLEY DRYE & WARREN LLP**<br>Attn:  James S. Carr, Esq.<br>Attn: Robert L. LeHane, Esq.<br>Attn: Craig A. Wolfe, Esq.<br>101 Park Avenue<br>New York, New York 10178 | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**<br>Attn:  Kevin J. Mangan, Esq.<br>Attn:  Matthew P. Ward, Esq.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, Delaware 19801 |
| *Counsel to the Statutory Committee of Unsecured Creditors* | *Co-Counsel to the Statutory Committee of Unsecured Creditors* |

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact BMC Group, Inc., the voting and claims agent retained by the Debtors in these Chapter 11 Cases (the "*Voting and Claims Agent*"), by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake

Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.E. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE VOTING AND CLAIMS AGENT.**

---

Dated: _____, 2013
   Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone: (302) 426-1189
Facsimile: (302) 426-9193

- and -

Morton Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-2700
Facsimile: (215) 568-6603

- and -

Paul M. Basta (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Co-Counsel to the Debtors and Debtors in Possession*

**Exhibit 8**

**Notice of Assumption**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN; (B) CURE AMOUNTS, IF ANY; AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH

**PLEASE TAKE NOTICE THAT** on [_____], 2013, United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order (the "***Disclosure Statement Order***"):    (a) authorizing Conexant Systems, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), to solicit acceptances for the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "***Plan***");[2] (b) approving the *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have filed the *Assumed Executory Contract and Unexpired Lease List* (the "***Assumption Schedule***") with the Court as part of the Plan Supplement on May 13, 2013, as contemplated under the Plan.    The determination to assume the agreements identified on the Assumption Schedule was made as of May 13, 2013 and is subject to revision.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "***Confirmation Hearing***") will commence at **10:30 a.m. prevailing Eastern Time on June 4, 2013**, before the Honorable Judge Walrath, in the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801.

**PLEASE TAKE FURTHER NOTICE THAT you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumption Schedule. Therefore, you are advised to review carefully the information contained in this notice and the related provisions of the Plan, including the Assumption Schedule.**

**PLEASE TAKE FURTHER NOTICE that the Debtors are proposing to assume the Executory Contract(s) and Unexpired Lease(s) listed below to which you are a party**:[3]

| Counterparty Name | Description of Contract | Amount Required to Cure Default Thereunder, if any |
|---|---|---|
|  |  |  |

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in the table above. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** absent any pending dispute, the monetary amounts required to cure any existing defaults arising under the Executory Contract(s) and Unexpired Lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Debtors in Cash on the Effective Date. In the event of a dispute, however, payment of the cure amount would be made following the entry of a final order(s) resolving the dispute and approving the assumption. If an objection to the proposed assumption or related cure amount is sustained by the Court, however, the Debtors, in their sole option, may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it.

---

[3]   Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's schedule of assets and liabilities, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease capable of assumption, that any Reorganized Debtor(s) has any liability thereunder or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement. Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Assumption Schedule and reject such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim (or cure amount) asserted in connection with assumption of any Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan (including any assumption of an Executory Contract or Unexpired Lease as contemplated in the Plan Supplement) is **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** (the "*Plan Objection Deadline*").  Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **May 23, 2013 at 4:00 p.m. prevailing Eastern Time**:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, Esq.<br>Attn:  Christoper T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York  10022-4611 | **KLEHR HARRISON HARVEY BRANZBURG LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br><br>Attn: Morton Branzburg, Esq.<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103 |
| *Co-Counsel to the Debtors* | |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Attn:  Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036<br><br>*Counsel to the Secured Lender* | **PEPPER HAMILTON**<br>Attn:  David B. Stratton, Esq.<br>Attn:  David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br>*Co-Counsel to the Secured Lender* |
| **DLA PIPER**<br>Attn:  Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601<br>*Counsel to Golden Gate Private Equity, Inc.* | **COOLEY LLP**<br>Attn: Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800<br>*Counsel to August Capital* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Tiiara Patton, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **KELLEY DRYE & WARREN LLP**<br>Attn:  James S. Carr, Esq.<br>Attn: Robert L. LeHane, Esq.<br>Attn: Craig A. Wolfe, Esq.<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel to the Statutory Committee of Unsecured Creditors* | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**<br>Attn:  Kevin J. Mangan, Esq.<br>Attn:  Matthew P. Ward, Esq.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, Delaware 19801<br>*Co-Counsel to the Statutory Committee of Unsecured Creditors* |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT any counterparty to an Executory Contract that fails to object timely to the proposed assumption or cure amount will be deemed to have assented to such assumption and cure amount.**

**PLEASE TAKE FURTHER NOTICE THAT ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR OWNERSHIP INTEREST COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ANY ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE OF THE DEBTORS OR REORGANIZED DEBTORS ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE.  ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact BMC Group, Inc., the voting and claims agent retained by the Debtors in these Chapter 11 Cases (the "***Voting and Claims Agent***"), by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.E. CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE VOTING AND CLAIMS AGENT.**

---

Dated: _____, 2013
      Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY**
**BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

- and -

Morton Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

- and -

Paul M. Basta (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Co-Counsel to the Debtors*
*and Debtors in Possession*

## **Exhibit 9**

**Notice of Rejection**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| CONEXANT SYSTEMS, INC., *et al*.,[1] | ) ) ) | Case No. 13-10367 (MFW) |
| Debtors. | ) ) | Jointly Administered |

## NOTICE REGARDING EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN

**PLEASE TAKE NOTICE THAT** on [_____], 2013, United States Bankruptcy Court for the District of Delaware (the "***Court***") entered an order (the "***Disclosure Statement Order***"):   (a) authorizing Conexant Systems, Inc. and its affiliated debtors and debtors in possession (collectively, the "***Debtors***"), to solicit acceptances for the *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be modified, amended or supplemented from time to time, the "***Plan***");[2] (b) approving the *Disclosure Statement for the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "***Disclosure Statement***") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have filed the *Rejected Executory Contract and Unexpired Lease List* (the "***Rejection Schedule***") with the Court as part of the Plan Supplement on May 13, 2013, as contemplated under the Plan.  The determination to reject the agreements identified on the Rejection Schedule was made as of May 13, 2013 and is subject to revision.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Plan.

> **PLEASE TAKE FURTHER NOTICE THAT YOU ARE RECEIVING THIS NOTICE BECAUSE THE DEBTORS' RECORDS REFLECT THAT YOU ARE A PARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE THAT WILL BE REJECTED PURSUANT TO THE PLAN.  THEREFORE, YOU ARE ADVISED TO REVIEW CAREFULLY THE INFORMATION CONTAINED IN THIS NOTICE AND THE RELATED PROVISIONS OF THE PLAN.[3]**

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "*Confirmation Hearing*") will commence at **10:30 a.m. prevailing Eastern Time on June 4, 2013**, before the Honorable Judge Walrath, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, Third Floor, Wilmington, Delaware 19801**.**

**PLEASE TAKE FURTHER NOTICE THAT** all proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be filed with the Bankruptcy Court within **30 days** after the date of service of the order of the Bankruptcy Court (including the Confirmation Order) approving such rejection.  Any Claims arising from the rejection of an Executory Contract or Unexpired Lease not Filed within such time will be automatically disallowed, forever barred from assertion and shall not be enforceable against the Debtors or the Reorganized Debtors, the Estates or their property without the need for any objection by the Reorganized Debtors or further notice to, or action, order or approval of the Bankruptcy Court**.**

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** (the "*Plan Objection Deadline*"). Any objection to the Plan **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be **actually received** on or before **May 23, 2013 at 4:00 p.m. prevailing Eastern Time**:

---

[3]   Neither the exclusion nor inclusion of any Executory Contract or Unexpired Lease on the Rejected Executory Contract and Unexpired Lease List, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Reorganized Debtor has any liability thereunder.  Further, the Debtors expressly reserve the right to (a) remove any Executory Contract or Unexpired Lease from the Rejection Schedule and assume such Executory Contract or Unexpired Lease pursuant to the terms of the Plan, up until the Effective Date and (b) contest any Claim asserted in connection with rejection of any Executory Contract or Unexpired Lease.

| | |
|---|---|
| **KIRKLAND & ELLIS LLP**<br>Attn:  Joshua A. Sussberg, Esq.<br>Attn:  Christopher T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York  10022-4611 | **KLEHR HARRISON HARVEY**<br>**BRANZBURG LLP**<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>Attn: Margaret M. Manning, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br>-and-<br>Morton Branzburg<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103 |
| *Co-Counsel to the Debtors* | |
| **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Attn:  Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036<br><br>*Counsel to the Secured Lender* | **PEPPER HAMILTON**<br>Attn:  David B. Stratton, Esq.<br>Attn:  David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br><br>*Co-Counsel to the Secured Lender* |
| **DLA PIPER**<br>Attn:  Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601<br><br>*Counsel to Golden Gate Private Equity, Inc.* | **COOLEY LLP**<br>Attn: Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800<br><br>*Counsel to August Capital* |
| **THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE**<br>Attn:  Tiiara Patton, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware  19801 | |
| **KELLEY DRYE & WARREN LLP**<br>Attn:  James S. Carr, Esq.<br>Attn: Robert L. LeHane, Esq.<br>Attn: Craig A. Wolfe, Esq.<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel to the Statutory Committee of Unsecured Creditors* | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**<br>Attn:  Kevin J. Mangan, Esq.<br>Attn:  Matthew P. Ward, Esq.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, Delaware 19801<br><br>*Co-Counsel to the Statutory Committee of Unsecured*<br>*Creditors* |

**PLEASE TAKE FURTHER NOTICE THAT** any objections to Plan in connection with the assumption of the Executory Contract(s) and Unexpired Lease(s) identified above and/or related cure or adequate assurances proposed in connection with the Plan that remain unresolved as of the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed by the Court).

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement or related documents, you should contact BMC Group, the voting and claims agent retained by the Debtors in these Chapter 11 Cases (the "***Voting and Claims Agent***"), by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION
AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.E. CONTAINS A THIRD-
PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE
PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.
IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN
OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN
ADDITIONAL INFORMATION, CONTACT THE VOTING AND CLAIMS AGENT.**

Dated: _____, 2013
      Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

- and -

Morton Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

- and -

Paul M. Basta (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Co-Counsel to the Debtors
and Debtors in Possession*

## Exhibit 10

**Voting and Tabulation Procedures**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## VOTING AND TABULATION PROCEDURES

Pursuant to the *Order (A) Approving the Disclosure Statement; (B) Approving Solicitation Packages and Procedures for the Distribution Thereof; (C) Approving the Forms of Ballots and Manner of Notice; (D) Approving the Voting Record Date, Solicitation Deadline and Voting Deadline; and (E) Establishing Notice and Objection Procedures for Confirmation of the Plan* (the "***Order***"), the following procedures (the "***Voting and Tabulation Procedures***") are adopted with respect to the return and tabulation of Ballots with respect to votes to accept or reject the Plan.[2]

### A.    Temporary Allowance of Claims

Solely for purposes of voting to accept or reject the Plan, and not for the purpose of making distributions on account of any Claim, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the schedules

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Order.

of assets and liabilities (the "**Schedules**"), in accordance with, and subject to, the Voting and Tabulation Procedures described below:

i.    a Claim that is not contingent, unliquidated or disputed, for which a proof of Claim has been filed, which is not listed on the Schedules and no objection to such Claim has been filed on or before the Voting Deadline, shall be temporarily allowed for voting purposes in the amount set forth in the proof of Claim;

ii.    a Claim for which a proof of Claim has been filed and asserts both a liquidated and unliquidated amount, shall be temporarily allowed for voting purposes, subject to the other Voting and Tabulation Procedures set forth herein, only in the liquidated amount of such Claim;

iii.    a Claim for which a proof of Claim has been filed but is listed as wholly contingent, unliquidated or disputed, or does not list an ascertainable amount, shall be temporarily allowed for voting purposes only in an amount equal to one dollar ($1.00);

iv.    if the Debtors have served and filed an objection to a Claim at least ten days before the Voting Deadline, such Claim shall, subject to these Voting and Tabulation Procedures, be temporarily allowed for voting purposes in an amount equal to the undisputed amount of such Claim, if any, as set forth in such objection;

v.    notwithstanding the Voting and Tabulation Procedures, if a Claim has been estimated, liquidated or otherwise allowed for voting purposes by order of the Court, such Claim will be allowed temporarily for voting purposes only in the amount so estimated, liquidated or allowed by the Court; and

vi.    a Claim for which the Claim holder identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Voting and Tabulation Procedures, shall be allowed temporarily for voting purposes in the amount calculated in accordance with the Voting and Tabulation Procedures.

**B.    Allowed Claims:**

Notwithstanding any other Voting and Tabulation Procedures, a Claim that is deemed Allowed in accordance with the Plan shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

**C.    Rejection Damages Claims:**

Any Claim filed as a protective Claim for rejection damages related to an Executory Contract or an Unexpired Lease that the Debtors have not rejected as of the Voting Deadline shall be temporarily disallowed for voting purposes, and to the extent that such

Claim is solely for rejection damages, any related Ballot shall not be counted as having voted for or against the Plan.

**D.     Procedures to Tabulate all Ballots:**

The following procedures and assumptions shall be used in tabulating Ballots:

i.      the Debtors shall reject as invalid each and every Ballot that is not timely submitted on or before the Voting Deadline and shall, except as otherwise expressly set forth herein or by a final order of the Court, decline to count such Ballot in voting to accept or reject the Plan;

ii.     the Voting and Claims Agent shall date all Ballots when received.  The Voting and Claims Agent shall retain originals and copies of all Ballots for a period of one year after the effective date of the Plan, unless otherwise ordered by the Court;

iii.    each party permitted to submit a Ballot shall submit an originally executed version of such Ballot in paper form to the Voting and Claims Agent. Submission of a Ballot by facsimile, email or any other electronic means shall not be valid and the Debtors shall decline to count such Ballot in tabulating votes to accept or reject the Plan;

iv.     the Debtors shall file a report of all votes received (a "***Voting Report***") with the Court no later than five calendar days before the Confirmation Hearing.  The Voting Report shall, among other things, delineate every irregular Ballot including those Ballots that are late or (in whole or in material part as determined by the Voting and Claims Agent) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged.  The Voting Report shall indicate the Debtors' intentions with regard to such irregular Ballots;

v.      the method of delivery of Ballots to the Voting and Claims Agent is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually** **receives** the originally executed Ballot;

vi.     no Ballot shall be sent to any of the Debtors, the Debtors' agents (other than the Voting and Claims Agent) or the Debtors' financial or legal advisors and if so sent shall not be counted and debt instruments or securities should not be sent with any Ballots;

vii.    if multiple Ballots are received from the same holder of a Claim with respect to the same Claim before the Voting Deadline, the last properly completed timely received Ballot will supersede and revoke in its entirety any previously received Ballot;

viii.    if Ballots are received from a holder of a Claim and the holder's attorney or legal representative with respect to the same Claim before the Voting Deadline, the last properly completed timely received Ballot will supersede and revoke in its entirety any previously received Ballot;

ix.    holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any such votes. A Ballot that includes an individual Claim, the amount of which partially rejects and partially accepts an individual Plan, shall not be counted. Further, if a holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes;

x.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of each such holder;

xi.    the Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report;

xii.    neither the Debtors, nor any other party, shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any such party incur any liability for failure to provide such notification;

xiii.    unless waived by the Debtors and subject to contrary order of the Court, any defects or irregularities in connection with the delivery of a Ballot must be cured before the Voting Deadline or such Ballots will not be counted in voting to accept or reject the Plan;

xiv.    in the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court shall determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected by such Claim;

xv.    subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections shall be documented in the Voting Report;

xvi.     subject to the Debtors' ability to waive defects set forth in (xi) alone, the following Ballots shall **not** be counted in determining the acceptance or rejection of the Plan:    (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any Ballot cast for a Claim scheduled as contingent, unliquidated or disputed for which the applicable Bar Date has passed and no proof of Claim was timely filed; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or that indicates both an acceptance and rejection of the Plan; and (f) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein; and

xvii.    if the Debtors have served and filed an objection to or motion to disallow or reclassify a Claim or to allow or estimate the Claim in an amount different form the amount asserted in the Claim, on or before 14 days before the Confirmation Hearing, such Claim shall, subject to these Voting and Tabulation Procedures, be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion.

**E.     Procedures for Objecting to an Individual Debtor's Chapter 11 Plans under Bankruptcy Rule 3018**

To the extent a creditor would like to object to one of the Debtor's chapter 11 plans but not each of the five chapter 11 plans, such creditor shall be required to file a motion under Bankruptcy Rule 3018 seeking relief from the Voting and Tabulation Procedures.

**F.     Voting Procedures Applicable to Holders of Secured Notes Claims and General Unsecured Claims**

Within five business days of the Voting Record Date each of the Debtors shall provide, as applicable, the Voting and Claims Agent with the following information:  (a) a copy of the list of the names, addresses and holdings of all holders of Class 3—Secured Notes Claims and Class 4—General Unsecured Claims, as applicable, as of the Voting Record Date in an electronic file and (b) such other information the Voting and Claims Agent deems reasonable and necessary to perform its duties pursuant to the Order.  The Voting and Claims Agent shall use such information only for purposes consistent with the Order and these Voting and Tabulation Procedures.

**G.     Debtors' Reservation of Rights Regarding Modification of the Plan**

The Debtors expressly reserve the right to modify, amend or supplement, from time to time, the terms of the Plan (subject to compliance with the requirement of section 1127 of the Bankruptcy Code and the applicable terms of the Plan regarding modification).

## __Exhibit 11__

**Confirmation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | Case No. 13-10367 (MFW) |
| Debtors. | Jointly Administered |
| | **Related to Docket No. [__] and [__]** |

**NOTICE OF (A) ENTRY OF ORDER**
**CONFIRMING THE SECOND MODIFIED JOINT PLAN**
**OF REORGANIZATION OF CONEXANT SYSTEMS, INC.**
**AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11**
**OF THE BANKRUPTCY CODE AND (B) ADMINISTRATIVE CLAIM BAR DATE**

  **PLEASE TAKE NOTICE** that on [___], 2013, the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (the "***Confirmation Order***").  Among other things, the Confirmation Order confirmed the Debtors' *Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as amended, supplemented, or modified from time to time, the "***Plan***")[2] as satisfying the requirements of the Bankruptcy Code, thereby authorizing Conexant Systems, Inc. and its debtor affiliates (collectively, the "***Debtors***") to implement the Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are:  Conexant Systems, Inc. (9439); Brooktree Broadband Holding, Inc. (5436); Conexant CF, LLC (6434); Conexant, Inc. (8218); Conexant Systems Worldwide, Inc. (0601).  The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2] Capitalized terms used but not otherwise not defined herein shall have the meanings set forth in the Plan or the Confirmation Order, as applicable.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order and the Plan are available for inspection.  If you would like to obtain a copy of the Confirmation Order or the Plan, you should contact BMC Group, Inc., the voting and claims agent retained by the Debtors in these Chapter 11 Cases (the "***Voting and Claims Agent***"), by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Article II of the Plan, all requests for payment of an Administrative Claim, except with respect to requests for payment of Claims arising under section 503(b)(9) of the Bankruptcy Code, which Claims are subject to the ***Order (A) Establishing Bar Dates for Filing Proofs of Claim, Including Claims Under 11 U.S.C. § 503(b)(9); (B) Approving the Form and Manner for Filing Proofs of Claim; and (C) Approving Notice Thereof*** **[Docket No. 162],** must be filed with the Bankruptcy Court and served upon the Reorganized Debtors on or before [___], 2013, which is the date that is 15 days after the entry of the Confirmation Order.  **Any holder of an Administrative Claim that is required to, but does not File and serve a request for payment of such Administrative Claim by such date shall be forever barred, stopped and enjoined from asserting such Administrative Claim against the Debtors or their property and such Administrative Claim shall be deemed discharged as of the Effective Date.**

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Order, the Plan and its provisions are binding on the Debtors, the Reorganized Debtors, any holder of a Claim or Interest, and such holder's respective successors and assigns, whether or not the Claim or Interest of such holder is Impaired under the Plan and whether or not such holder or Entity voted to accept the Plan.

*[Remainder of page intentionally left blank.]*

Dated: _____, 2013
      Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY**
**BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

- and -

Morton Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

- and -

Paul M. Basta (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Co-Counsel to the Debtors*
*and Debtors in Possession*