IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONEXANT SYSTEMS, INC., et al.,[1] | ) Case No. 13-10367 (MFW) |
| | ) |
| | ) Re: 207 |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Related to Docket No. 14 |

ORDER (A) APPROVING THE ~~Second Amended~~ DISCLOSURE STATEMENT dated 4/19/13
(B) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR
THE DISTRIBUTION THEREOF; (C) APPROVING THE FORMS OF BALLOTS
AND MANNER OF NOTICE; (D) APPROVING THE VOTING RECORD DATE,
SOLICITATION DEADLINE AND VOTING DEADLINE; AND (E) ESTABLISHING
NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE PLAN of Reorganization
Second Modified Joint

Upon the motion (the "*Motion*")[2] of the Debtors for entry of an order (this "*Order*") pursuant to sections 105(a), 502, 1123(a), 1124, 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018 and 3020 and Local Rules 2002-1 and 3017-1 for entry of an order (a) approving the *Disclosure Statement for the ~~First~~ Second Modified Joint Plan of Reorganization of Conexant Systems, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "*Disclosure Statement*"); (b) approving the Disclosure Statement Hearing Notice; (c) approving the Disclosure Statement Objection Deadline; (d) approving the Voting Record Date, Solicitation Deadline and Voting Deadline; (e) approving the manner and form of the Solicitation Packages and the materials contained therein; (f) approving the Plan Supplement

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Brooktree Broadband Holding, Inc. (5436); Conexant CF, LLC (6434); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Notice; (g) approving the Non-Voting Status Notices; (h) approving the form of notices to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan; (i) approving the Voting and Tabulation Procedures; and (j) approving the Plan Objection Deadline, Confirmation Hearing Date and Confirmation Hearing Notice, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "*Hearing*"); and upon consideration of the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

**A.     Approval of the Disclosure Statement**

2. The Disclosure Statement is hereby approved pursuant to section 1125 of the Bankruptcy Code, as providing holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The Disclosure Statement (including all applicable exhibits thereto) provides holders of Claims, holders of Interests and other parties in interest with sufficient notice of the injunction, exculpation and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**B.   Approval of the Disclosure Statement Hearing Notice**

4. The Disclosure Statement Hearing Notice, the form of which is attached hereto as **Exhibit 1** and incorporated herein by reference, filed by the Debtors and served upon parties in interest in these chapter 11 cases on March 4, 2013, constitutes adequate and sufficient notice of the hearings to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**C.   Approval of Disclosure Statement Objection Deadline and Disclosure Statement Hearing Date**

5. The following dates are hereby established (subject to modification as necessary with respect to the deadline to object to the Disclosure Statement, deadline to respond and the Disclosure Statement hearing date:

    a.  the Disclosure Statement Hearing be scheduled for **April 19, 2013** (the *"Disclosure Statement Hearing Date"*);

    b.  **April 3, 2013 at 4:00 p.m. prevailing Eastern Time** shall be the date for determining: the deadline to object to the Disclosure Statement (the *"Disclosure Statement Objection Deadline"*); and

    c.  **April 15, 2013 at 4:00 p.m. prevailing Eastern Time** the deadline to respond to objections to the Disclosure Statement (the *"Disclosure Statement Response Deadline"*).

**D.     Approval of the Materials and Timeline for Soliciting Votes**

    **i.     Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

6.     The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

    a.     **April 19, 2013** shall be the date for determining: (i) the holders of Claims entitled to receive Solicitation Packages; (ii) the holders of Claims entitled to vote to accept or reject the Plan; and (iii) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of such Claim (the "*Voting Record Date*");

    b.     the Debtors shall distribute Solicitation Packages to holders of Claims entitled to vote on the Plan by **April 24, 2013** (the "*Solicitation Deadline*"); and

    c.     all holders of Claims entitled to vote on the Plan must complete, execute and return their Ballots so that they are **actually received** by the Voting and Claims Agent or the Securities Voting Agent, as applicable, pursuant to the Voting and Tabulation Procedures, on or before **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** (the "*Voting Deadline*").

    **ii.     Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**

7.     In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

      a.    an appropriate form of Ballot attached hereto as **Exhibits 2A** and **2B**, respectively, and incorporated herein by reference;[3]

      b.    the Cover Letter attached hereto as **Exhibit 3** and incorporated herein by reference; and

      c.    the Confirmation Hearing Notice attached hereto as **Exhibit 4** and incorporated herein by reference.

8. The Solicitation Packages provide the holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Rules.

9. The Debtors shall distribute Solicitation Packages to all holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10. The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement and this Order to holders of Claims entitled to vote on the Plan in CD-ROM format. The Ballots as well as the Cover Letter and the Confirmation Hearing Notice will *only* be provided in paper form. On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages to the U.S. Trustee and counsel to the Administrative Agents and (b) the Order (in CD-ROM format) and the Confirmation Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

---

[3] The Debtors will make every reasonable effort to ensure that any holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

11. Any party who receives a CD-ROM, but who would prefer to receive materials in paper format, may contact the Voting and Claims Agent and request paper copies of the corresponding materials previously received in CD-ROM format (to be provided at the Debtors' expense).

12. The Voting and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating and reporting on Ballots cast to accept or reject the Plan by holders of Claims against the Debtors, (c) responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan and (e) if necessary, contacting creditors regarding the Plan or as soon as practicable thereafter.

### iii. Approval of the Confirmation Hearing Notice

13. The Confirmation Hearing Notice, in the form of which is attached hereto as **Exhibit 4** and incorporated herein by reference, filed by the Debtors and served upon parties in interest in these chapter 11 cases on April 22, 2013, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time within seven business days following the Solicitation Deadline in the national edition of *The New York Times*.

### iv. Approval of Notice of Filing of the Plan Supplement

14. The Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served ten days prior to the Voting Deadline, substantially in the form attached hereto as **Exhibit 5** and incorporated herein by reference, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

### v. Approval of the Form of Notices to Non-Voting Classes

15. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Voting and Claims Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

   a. *Not Impaired Claims – Conclusively Presumed to Accept*: Holders of Claims in Classes 1 and 2 are not Impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan. As such, holders of such Claims will receive a notice, substantially in the form annexed as **Exhibit 6** attached hereto and incorporated herein by reference, in lieu of a Solicitation Package.

   b. *Impaired Claims and Equity Interests – Deemed to Reject*: Holders of Claims and Interests in Class 7 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, substantially in the form annexed as **Exhibit 7** attached hereto and incorporated herein by reference, in lieu of a Solicitation Package.

16. The Debtors will not provide the holders of Class 5 Intercompany Claims or Class 6 Intercompany Interests with a Solicitation Package or any other type of notice in connection with solicitation.

17. The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

### vi. Approval of Notices to Contract and Lease Counterparties

18. The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), in the forms attached hereto as **Exhibit 8** and **Exhibit 9** and incorporated herein by reference, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

### E. Approval of the Voting and Tabulation Procedures

19. The Debtors are authorized to solicit, receive and tabulate votes to accept the Plan in accordance with the Voting and Tabulation Procedures attached hereto as **Exhibit 10** and incorporated herein by reference, which are hereby approved in their entirety.

### F. Approval of Procedures for Confirming the Plan

#### i. Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan

20. The following dates are hereby established (subject to modification as needed) with respect to filing objections to the Plan and confirming the Plan:

   a. **May 23, 2013 at 4:00 p.m. prevailing Eastern Time** shall be date by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (as identified below) (the "*Plan Objection Deadline*");

   b. **May 28, 2013** shall be the date by which the voting certification must be filed with the Court;

      c. **May 31, 2013 at 4:00 p.m. prevailing Eastern Time** shall be the date by which replies to objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (as identified below) (the "*Reply Deadline*"); and

      d. the Court shall consider Confirmation of the Plan at the hearing to be held on **June 4, 2013 at 10:30 a.m. prevailing Eastern Time** (the "*Confirmation Hearing Date*").

    ii. **Approval of the Procedures for Filing Objections to the Plan**

21. Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so to be **actually received** on or before the **May 23, 2013 at 4:00 p.m. prevailing Eastern Time**:

| KIRKLAND & ELLIS LLP<br>Attn: Joshua A. Sussberg, Esq.<br>Attn: Christoper T. Greco, Esq.<br>601 Lexington Avenue<br>New York, New York 10022-4611<br><br>*Co-Counsel to the Debtors* | KLEHR HARRISON HARVEY BRANZBURG LLP<br>Attn: Domenic E. Pacitti, Esq.<br>Attn: Michael W. Yurkewicz, Esq.<br>919 N. Market Street, Suite 1000<br>Wilmington, Delaware 19801<br><br>Attn: Morton Branzburg, Esq.<br>1835 Market Street, Suite 1400<br>Philadelphia, Pennsylvania 19103 |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>Attn: Michael S. Stamer, Esq.<br>One Bryant Park<br>New York, New York 10036<br><br>*Counsel to the Secured Lender* | PEPPER HAMILTON<br>Attn: David B. Stratton, Esq.<br>Attn: David M. Fournier, Esq.<br>Hercules Plaza, 1313 Market Street, Suite 5100<br>P.O. Box 1709<br>Wilmington, Delaware 19899-1709<br><br>*Co-Counsel to the Secured Lender* |
| DLA PIPER<br>Attn: Chris L. Dickerson, Esq.<br>203 North LaSalle Street, Suite 1900<br>Chicago, Illinois 60601<br><br>*Counsel to Golden Gate Private Equity, Inc.* | COOLEY LLP<br>Attn: Robert L. Eisenbach III, Esq.<br>101 California Street, 5th Floor<br>San Francisco, California 94111-5800<br><br>*Counsel to August Capital* |

| THE OFFICE OF THE UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE<br>Attn: Tiiara Patton, Esq.<br>844 King Street, Suite 2207<br>Wilmington, Delaware 19801 ||
|---|---|
| **KELLEY DRYE & WARREN LLP**<br>Attn: James S. Carr, Esq.<br>Attn: Robert L. LeHane, Esq.<br>Attn: Craig A. Wolfe, Esq.<br>101 Park Avenue<br>New York, New York 10178<br>*Counsel to the Statutory Committee of Unsecured Creditors* | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP**<br>Attn: Kevin J. Mangan, Esq.<br>Attn: Matthew P. Ward, Esq.<br>222 Delaware Avenue, Suite 1501<br>Wilmington, Delaware 19801<br>*Co-Counsel to the Statutory Committee of Unsecured Creditors* |

22.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

23.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

25.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Date: April 19, 2013
Wilmington, Delaware

_____
Honorable Mary F. Walrath
United States Bankruptcy Judge