# Exhibit 10

## Voting and Tabulation Procedures

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) | Case No. 13-10367 (MFW) |
| | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## VOTING AND TABULATION PROCEDURES

Pursuant to the *Order (A) Approving the Disclosure Statement; (B) Approving Solicitation Packages and Procedures for the Distribution Thereof; (C) Approving the Forms of Ballots and Manner of Notice; (D) Approving the Voting Record Date, Solicitation Deadline and Voting Deadline; and (E) Establishing Notice and Objection Procedures for Confirmation of the Plan* (the "***Order***"), the following procedures (the "***Voting and Tabulation Procedures***") are adopted with respect to the return and tabulation of Ballots with respect to votes to accept or reject the Plan.[2]

A.   **Temporary Allowance of Claims**

Solely for purposes of voting to accept or reject the Plan, and not for the purpose of making distributions on account of any Claim, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each Claim within a Class of Claims entitled to vote to accept or reject the Plan shall be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the amount of such Claim as set forth in the schedules

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Conexant CF, LLC (6434); Brooktree Broadband Holding, Inc. (5436); Conexant, Inc. (8218); and Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Order.

of assets and liabilities (the "*Schedules*"), in accordance with, and subject to, the Voting and Tabulation Procedures described below:

i.  a Claim that is not contingent, unliquidated or disputed, for which a proof of Claim has been filed, which is not listed on the Schedules and no objection to such Claim has been filed on or before the Voting Deadline, shall be temporarily allowed for voting purposes in the amount set forth in the proof of Claim;

ii.  a Claim for which a proof of Claim has been filed and asserts both a liquidated and unliquidated amount, shall be temporarily allowed for voting purposes, subject to the other Voting and Tabulation Procedures set forth herein, only in the liquidated amount of such Claim;

iii.  a Claim for which a proof of Claim has been filed but is listed as wholly contingent, unliquidated or disputed, or does not list an ascertainable amount, shall be temporarily allowed for voting purposes only in an amount equal to one dollar ($1.00);

iv.  if the Debtors have served and filed an objection to a Claim at least ten days before the Voting Deadline, such Claim shall, subject to these Voting and Tabulation Procedures, be temporarily allowed for voting purposes in an amount equal to the undisputed amount of such Claim, if any, as set forth in such objection;

v.  notwithstanding the Voting and Tabulation Procedures, if a Claim has been estimated, liquidated or otherwise allowed for voting purposes by order of the Court, such Claim will be allowed temporarily for voting purposes only in the amount so estimated, liquidated or allowed by the Court; and

vi.  a Claim for which the Claim holder identifies a Claim amount on its Ballot that is different than the amount otherwise calculated in accordance with the Voting and Tabulation Procedures, shall be allowed temporarily for voting purposes in the amount calculated in accordance with the Voting and Tabulation Procedures.

**B.    Allowed Claims:**

Notwithstanding any other Voting and Tabulation Procedures, a Claim that is deemed Allowed in accordance with the Plan shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

**C.    Rejection Damages Claims:**

Any Claim filed as a protective Claim for rejection damages related to an Executory Contract or an Unexpired Lease that the Debtors have not rejected as of the Voting Deadline shall be temporarily disallowed for voting purposes, and to the extent that such

2

Claim is solely for rejection damages, any related Ballot shall not be counted as having voted for or against the Plan.

**D.    Procedures to Tabulate all Ballots:**

The following procedures and assumptions shall be used in tabulating Ballots:

i.      the Debtors shall reject as invalid each and every Ballot that is not timely submitted on or before the Voting Deadline and shall, except as otherwise expressly set forth herein or by a final order of the Court, decline to count such Ballot in voting to accept or reject the Plan;

ii.     the Voting and Claims Agent shall date all Ballots when received. The Voting and Claims Agent shall retain originals and copies of all Ballots for a period of one year after the effective date of the Plan, unless otherwise ordered by the Court;

iii.    each party permitted to submit a Ballot shall submit an originally executed version of such Ballot in paper form to the Voting and Claims Agent. Submission of a Ballot by facsimile, email or any other electronic means shall not be valid and the Debtors shall decline to count such Ballot in tabulating votes to accept or reject the Plan;

iv.     the Debtors shall file a report of all votes received (a "*Voting Report*") with the Court no later than five calendar days before the Confirmation Hearing. The Voting Report shall, among other things, delineate every irregular Ballot including those Ballots that are late or (in whole or in material part as determined by the Voting and Claims Agent) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail or damaged. The Voting Report shall indicate the Debtors' intentions with regard to such irregular Ballots;

v.      the method of delivery of Ballots to the Voting and Claims Agent is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Voting and Claims Agent **actually receives** the originally executed Ballot;

vi.     no Ballot shall be sent to any of the Debtors, the Debtors' agents (other than the Voting and Claims Agent) or the Debtors' financial or legal advisors and if so sent shall not be counted and debt instruments or securities should not be sent with any Ballots;

vii.    if multiple Ballots are received from the same holder of a Claim with respect to the same Claim before the Voting Deadline, the last properly completed timely received Ballot will supersede and revoke in its entirety any previously received Ballot;

3

viii.    if Ballots are received from a holder of a Claim and the holder's attorney or legal representative with respect to the same Claim before the Voting Deadline, the last properly completed timely received Ballot will supersede and revoke in its entirety any previously received Ballot;

ix.    holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any such votes. A Ballot that includes an individual Claim, the amount of which partially rejects and partially accepts an individual Plan, shall not be counted. Further, if a holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes;

x.    a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested by the Voting and Claims Agent, the Debtors or the Court, must submit proper evidence to the requesting party to so act on behalf of each such holder;

xi.    the Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report;

xii.    neither the Debtors, nor any other party, shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any such party incur any liability for failure to provide such notification;

xiii.    unless waived by the Debtors and subject to contrary order of the Court, any defects or irregularities in connection with the delivery of a Ballot must be cured before the Voting Deadline or such Ballots will not be counted in voting to accept or reject the Plan;

xiv.    in the event a designation for lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court shall determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected by such Claim;

xv.    subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections shall be documented in the Voting Report;

xvi.   subject to the Debtors' ability to waive defects set forth in (xi) alone, the following Ballots shall **not** be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any Ballot cast for a Claim scheduled as contingent, unliquidated or disputed for which the applicable Bar Date has passed and no proof of Claim was timely filed; (d) any unsigned Ballot; (e) any Ballot not marked to accept or reject the Plan, or that indicates both an acceptance and rejection of the Plan; and (f) any Ballot submitted by any entity not entitled to vote pursuant to the procedures described herein; and

xvii.   if the Debtors have served and filed an objection to or motion to disallow or reclassify a Claim or to allow or estimate the Claim in an amount different form the amount asserted in the Claim, on or before 14 days before the Confirmation Hearing, such Claim shall, subject to these Voting and Tabulation Procedures, be temporarily allowed for voting purposes in the lesser amount and classification requested by such objection or motion.

**E.**    **Procedures for Objecting to an Individual Debtor's Chapter 11 Plans under Bankruptcy Rule 3018**

To the extent a creditor would like to object to one of the Debtor's chapter 11 plans but not to each of the five chapter 11 plans, such creditor shall be required to file a motion under Bankruptcy Rule 3018 seeking relief from the Voting and Tabulation Procedures.

**F.**    **Voting Procedures Applicable to Holders of Secured Notes Claims and General Unsecured Claims**

Within five business days of the Voting Record Date each of the Debtors shall provide, as applicable, the Voting and Claims Agent with the following information:  (a) a copy of the list of the names, addresses and holdings of all holders of Class 3—Secured Notes Claims and Class 4—General Unsecured Claims, as applicable, as of the Voting Record Date in an electronic file and (b) such other information the Voting and Claims Agent deems reasonable and necessary to perform its duties pursuant to the Order. The Voting and Claims Agent shall use such information only for purposes consistent with the Order and these Voting and Tabulation Procedures.

**G.**    **Debtors' Reservation of Rights Regarding Modification of the Plan**

The Debtors expressly reserve the right to modify, amend or supplement, from time to time, the terms of the Plan (subject to compliance with the requirement of section 1127 of the Bankruptcy Code and the applicable terms of the Plan regarding modification).

## Exhibit 11

**Confirmation Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CONEXANT SYSTEMS, INC., *et al.*,[1] | ) Case No. 13-10367 (MFW) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Related to Docket No. [__] and [__]** |

**NOTICE OF (A) ENTRY OF
ORDER CONFIRMING THE JOINT PLAN OF
REORGANIZATION OF CONEXANT SYSTEMS, INC.
AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11
OF THE BANKRUPTCY CODE AND (B) ADMINISTRATIVE CLAIM BAR DATE**

**PLEASE TAKE NOTICE** that on [___], 2013, the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") entered the *Findings of Fact, Conclusions of Law and Order Confirming the First Modified Joint Plan of Reorganization of Conexant Systems, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (the "***Confirmation Order***"). Among other things, the Confirmation Order confirmed the Debtors' *First Modified Joint Plan of Reorganization of Conexant Systems, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. ___] (as amended, supplemented, or modified from time to time, the "***Plan***")[2] as satisfying the requirements of the Bankruptcy Code, thereby authorizing Conexant Systems, Inc. and its debtor affiliates (collectively, the "***Debtors***") to implement the Plan.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Conexant Systems, Inc. (9439); Brooktree Broadband Holding, Inc. (5436); Conexant CF, LLC (6434); Conexant, Inc. (8218); Conexant Systems Worldwide, Inc. (0601). The Debtors' main corporate address is 4000 MacArthur Blvd., Newport Beach, California 92660.

[2] Capitalized terms used but not otherwise not defined herein shall have the meanings set forth in the Plan or the Confirmation Order, as applicable.

PLEASE TAKE FURTHER NOTICE that the Confirmation Order and the Plan are available for inspection.  If you would like to obtain a copy of the Confirmation Order or the Plan, you should contact BMC Group, Inc., the voting and claims agent retained by the Debtors in these Chapter 11 Cases (the "*Voting and Claims Agent*"), by:  (a) calling the Debtors' restructuring hotline at 888-909-0100; (b) visiting the Debtors' restructuring website at: www.bmcgroup.com/conexant; and/or (c) writing to BMC Group, Inc., Attn: Conexant Systems, Inc. Ballot Processing, 18675 Lake Drive East, Chanhassen, MN 55317.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

PLEASE TAKE FURTHER NOTICE that pursuant to Article II of the Plan, all requests for payment of an Administrative Claim, except with respect to requests for payment of Claims arising under section 503(b)(9) of the Bankruptcy Code, which Claims are subject to the *Order (A) Establishing Bar Dates for Filing Proofs of Claim, Including Claims Under 11 U.S.C. § 503(b)(9); (B) Approving the Form and Manner for Filing Proofs of Claim; and (C) Approving Notice Thereof* [Docket No. 162], must be filed with the Bankruptcy Court and served upon the Reorganized Debtors on or before [___], 2013, which is the date that is 15 days after the entry of the Confirmation Order.  **Any holder of an Administrative Claim that is required to, but does not File and serve a request for payment of such Administrative Claim by such date shall be forever barred, stopped and enjoined from asserting such Administrative Claim against the Debtors or their property and such Administrative Claim shall be deemed discharged as of the Effective Date.**

PLEASE TAKE FURTHER NOTICE that the Confirmation Order, the Plan and its provisions are binding on the Debtors, the Reorganized Debtors, any holder of a Claim or Interest, and such holder's respective successors and assigns, whether or not the Claim or Interest of such holder is Impaired under the Plan and whether or not such holder or Entity voted to accept the Plan.

*[Remainder of page intentionally left blank.]*

Dated: _____, 2013
      Wilmington, Delaware

Domenic E. Pacitti (DE Bar No. 3989)
Michael W. Yurkewicz (DE Bar No. 4165)
**KLEHR HARRISON HARVEY
BRANZBURG LLP**
919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:    (302) 426-1189
Facsimile:    (302) 426-9193

- and -

Morton Branzburg (admitted *pro hac vice*)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone:    (215) 569-2700
Facsimile:    (215) 568-6603

- and -

Paul M. Basta (admitted *pro hac vice*)
Joshua A. Sussberg (admitted *pro hac vice*)
Christopher T. Greco (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Co-Counsel to the Debtors
and Debtors in Possession*

3